■ RAYMOND O'CONNOR et al., Appellants, v ARTHUR LEVITT, as Comptroller of the State of New York and as Administrator of the New York State Policemen's and Firemen's Retirement System, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered September 12, 1975 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to enjoin respondent from administering certain sections of the Retirement and Social Security Law and to declare said sections unconstitutional. In September, 1974, appellants, Korean War veterans, applied for benefits under section 302 and subdivision k of section 341 of the Retirement and Social Security Law. Their request was denied on the ground that subdivision k of section 341 applies only to World War II veterans. After a hearing for a redetermination, the Comptroller agreed and added the additional ground that subdivision k expired on March 31, 1972. The Retirement and Social Security Law provides for certain benefits for most veterans of all wars after World War I. (Retirement and Social Security Law, § 341, subd g.) Subdivision k of section 341, however, confers special benefits on veterans of World War II only. The sole question for our determination is whether this statute is unconstitutional because it provides additional service credit for veterans of World War II, but not for Korean War veterans. Special Term answered this question in the negative. Petitioners have the burden of establishing unconstitutionality beyond a reasonable doubt. (*Nettleton Co. v Diamond,* 27 NY2d 182, 193.) This necessitates overcoming the dual presumptions of constitutionality and that the Legislature investigated for and found facts necessary to support the legislation. (*Matter of Cohen v Levitt,* 39 AD2d 141, 143.) It is well established that where the State extends a benefit it must provide it to all persons in a manner which does not violate the Equal Protection Clause (*Rinaldi v Yeager,* 384 US 305, 310–311.) From an analysis of the record we are unable to say that the Legislature improperly concluded that World War II veterans should be accorded additional benefits. (See *Matter of Gianatasio v Kaplan,* 142 Misc 611, affd 257 NY 531, app dsmd 284 US 595.) Consequently, petitioners have failed to overcome the presumption of constitutionality. (Cf. *Montgomery v Daniels,* 38 NY2d 41.) The judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.