OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, for the reasons stated in the opinion of Mr. Justice Con. G. Cholakis at Special Term.
 

 Under section 525 of the Education Law the retirement board is mandated to correct any errors in the computation of benefit entitlement on the part of the members of the system. Thus, while the preliminary evaluation of petitioner’s pension rights may have indicated sufficient service credit to entitle her to a retirement benefit, the board, on receipt of additional information indicating insufficient service credit for a pension, was obligated to correct the error and seek repayment of the funds already received
 
 (Matter of Newcomb v New York State Teachers’ Retirement System,
 
 43 AD2d 353, affd 36 NY2d 953).
 

 The retirement system’s statutory responsibility, supported by broad public policy considerations, requires that it take all necessary steps to insure the financial integrity of the pension fund. That duty could not have been properly discharged without requiring the petitioner to serve the minimum period of time necessary to entitle her to a pension. For this reason the courts below were correct in their holding that the original erroneous calculations could not be the basis for an estoppel. "The doctrine of estoppel will not reach so far as to hold an individual eligible for vested retirement where by statute, he clearly does not qualify for such eligibility”
 
 (Mat
 
 
 *987
 

 ter of Boudreau v Levitt,
 
 67 AD2d 1053, 1054, mot for lv to app den 47 NY2d 706).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.