■ In the Matter of EDWARD J. SYREWICZ, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. — Appeal from a judgment of the Supreme Court at Special Term, entered November 15, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination by respondent which denied petitioner's application for retirement benefits and terminated his membership in the New York State Teachers' Retirement System. After 20 years of service in the New York City Police Department, petitioner retired in 1966 and began receiving benefits from the department's pension fund. In that same year, petitioner was appointed as a teacher in the Port Jefferson-Terriville School District, and he submitted an application for membership in the New York State Teachers' Retirement System, which was allegedly accepted by the system. Petitioner indicated on his application that he was receiving benefits from the New York City Police Department Pension Fund. In 1977, petitioner applied for disability retirement, which was initially approved, but in May, 1978 petitioner was informed that unless his retirement allowance from the New York City Police Department Pension Fund was retroactively suspended for the period of his employment as a teacher, his membership in the Teachers' Retirement System would be canceled. When petitioner's membership in the teachers' retirement system was thereafter canceled, he commenced this proceeding to annul respondent's determination. Special Term dismissed the petition, and this appeal ensued. The sole issue on appeal is whether the respondent retirement system should be estopped from canceling petitioner's membership. We agree with Special Term's holding that respondent should not be so estopped. Subdivision a of section 213 of the Retirement and Social Security Law provides that "no retired person employed in public service * * * shall be required or permitted to become a member of any retirement system or pension plan administered by the state or any of its political subdivisions." Petitioner was a "retired person" while receiving benefits from the police department's pension fund (Retirement and Social Security Law, § 210, subd a) and his employment with the school district was "public service" (Retirement and Social Security Law, § 210, subd e). Thus, he was statutorily prohibited from becoming a member of the respondent retirement system. "The doctrine of estoppel will not reach so far as to hold an individual eligible for vested retirement where by statute, he clearly does not qualify for such eligibility" *(Matter of Boudreau v Levitt,* 67 AD2d 1053, 1054, mot for lv to app den 47 NY2d 706, quoted with approval in *Matter of Galanthay v New York State Teachers' Retirement System,* 50 NY2d 984, 986-987). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Casey, JJ., concur.