In the Matter of BARRY S. COLLER et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v STATE UNIVERSITY OF NEW YORK et al., Respondents.

Third Department, April 30, 1981

APPEARANCES OF COUNSEL

*Bernard F. Ashe (Ivor R. Moskowitz* of counsel), for appellants.

*Robert Abrams, Attorney-General (Lew A. Millenbach, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for respondents.

OPINION OF THE COURT

MAHONEY, P. J.

Petitioners are employees of the State University of New York (SUNY) and are employed at various colleges which are constituent parts of SUNY. Pursuant to section 393 of the Education Law, eligible employees of SUNY are permitted to elect participation in an optional pension plan selected by SUNY in lieu of the New York State Teachers' Retirement System or the New York State Employees' Retirement System. Here, the optional pension plan selected by SUNY and elected by petitioners was the Teachers Insurance and Annuity Association-College Retirement Equities Fund (TIAA-CREF). At the time of its selection by SUNY, membership in TIAA-CREF for electing SUNY employees was noncontributory, with the State underwriting the total cost of membership (Education Law, § 392, subds 1, 2). Article 14 effective January 1, 1977 and article 14-A effective July 1, 1977, specifically sections 500 and 517, were added to the Retirement and Social Security Law (L 1976, ch 890, § 1), thereby creating "a new retirement program for public employees hired on or after July 1, 1976" (Governor's Memorandum, NY Legis Ann, 1976, p 412). The new law made the retirement system, including the optional retirement programs such as TIAA-CREF, contributory with respect to employees appointed after July 1, 1976.

Petitioners, members of TIAA-CREF, by a CPLR article 78 proceeding, demanded (1) that respondents be ordered to resume making contributions to the TIAA-CREF fund as they had done prior to January 1, 1977, (2) that respondents reimburse petitioners for all moneys deducted from their salaries since January 1, 1977, and (3) that petitioners be permitted to proceed with the litigation as a class action. Special Term denied the request for class action relief and dismissed the petition. This appeal ensued.

■ Turning first to the request by petitioners to proceed with this matter as a class action (CPLR 901), we note that when governmental operations are involved, and when subsequent petitioners will be adequately protected under the principles of *stare decisis*, class actions are

inappropriate *(Matter of Jones v Berman,* 37 NY2d 42). This is especially true in CPLR article 78 proceedings *(Matter of Leone v Blum,* 73 AD2d 252, 274, mot for lv to app granted 50 NY2d 1042). Accordingly, we affirm that part of the judgment which denied petitioners' motion to prosecute this matter as a class action.

■ The initial argument advanced by petitioners in opposition to respondents' application of sections 500 and 517 of the Retirement and Social Security Law to themselves and others similarly situated so as to change a noncontributory system to a contributory one, is that such application violates section 7 of article V of the New York State Constitution, which states that membership in a State retirement system is a contractual relationship, "the benefits of which shall not be diminished or impaired." This contention must be rejected. There is nothing in the law or in its application requiring members to make contributions to TIAA-CREF that affects benefits to members in any manner. Next, the contractual relationship which petitioners enjoyed with the State by which the latter paid their contributions to TIAA-CREF was conditioned upon the New York State Teachers' Retirement System continuing its noncontributory status. Subdivision 2 of section 392 of the Education Law reserved to the State the right to end payments made by the State in lieu of employee contributions to the elected optional retirement plan. Therefore, enactment of sections 500 and 517 of the Retirement and Social Security Law triggered that condition and represented an overt act by the State to exercise a reserved power by making the Teachers' Retirement System contributory, thereby terminating the contractual relationship obligating the State to underwrite teacher membership in any optional retirement plan.

Similarly, since any property interest petitioners had in their optional system prior to January 1, 1977 was conditional, such interest was irretrievably lost by the enactment of sections 500 and 517 of the Retirement and Social Security Law in 1976. Furthermore, petitioners, at the time of their election to participate in a noncontributory optional retirement plan, consented in writing to appro-

priate employee contributions to the TIAA-CREF fund if required to do so.*

Finally, petitioners' remaining contentions, including the point addressed to the constitutionality of sections 500 and 517 of the Retirement and Social Security Law with respect to their effective date causing unequal protection of teachers who joined TIAA-CREF before or after July 1, 1976, are untenable and are rejected. Petitioners have not met their "burden of establishing unconstitutionality beyond a reasonable doubt" *(O'Conner v Levitt,* 51 AD2d 1090).

The judgment should be affirmed, with costs.

SWEENEY, KANE, CASEY and WEISS, JJ., concur.

Judgment affirmed, with costs.

---

* The form signed by petitioners stated: "To the Comptroller of the State of New York: You are hereby informed that I have elected the Optional Retirement Program [TIAA-CREF] * * * I do consent and agree to appropriate deductions, when required * * * and payment of salary or compensation less such deductions [which] * * * shall be a full and complete discharge and acquittance of all my claims * * * for * * * services rendered".