WILLIAM P. BROWN, Appellant, v NEW YORK STATE TEACHERS'
RETIREMENT SYSTEM et al., Respondents.

Third Department, February 28, 1985

**APPEARANCES OF COUNSEL**

*Rowley, Forrest & O'Donnell, P.C. (Mark T. Walsh, Jr.,* of counsel), for appellant.

*Robert Abrams, Attorney-General (Clifford A. Royael* of counsel), for New York State Teachers' Retirement System and another, respondents.

*Frederick A.O. Schwarz, Jr., Corporation Counsel (Karen Hutson* and *Ronald E. Sternberg* of counsel), for New York City Police Pension Fund, Article II, respondent.

**OPINION OF THE COURT**

CASEY, J. P.

 Plaintiff, who retired from the New York City Police Department in July 1962, was not entitled to pension benefits he received from the New York City Police Pension Fund (Police Pension Fund) during the period that he was employed as a faculty member of the State University of New York's Graduate School of Public Affairs (SUNY). We reject plaintiff's claim to the contrary, including his arguments based upon current and former statutes, the State and Federal Constitutions, and estoppel.

Shortly after his retirement from the New York City Police Department in July 1962, plaintiff accepted a position with SUNY and, effective August 23, 1962, he became a member of the New York State Teachers' Retirement System (Teachers' Retirement System). Plaintiff's employment with SUNY continued at least until December 20, 1982, when this action was

commenced. As a result of plaintiff's inquiry, addressed to the Teachers' Retirement System in April 1982, concerning his rights upon retirement from his position with SUNY, the Police Pension Fund advised plaintiff that he had not been entitled to receive benefits from the fund during the period that he was employed by SUNY. By letter dated August 19, 1982, a representative of the Police Pension Fund notified plaintiff that his pension benefits would be suspended effective August 31, 1982 and that the $135,160.38 in pension benefits received by plaintiff since 1962 would have to be repaid. Plaintiff was advised that he had "10 days to challenge the calculation and to submit [an] arrangement for repayment". Plaintiff thereafter commenced this declaratory judgment action seeking to establish, *inter alia,* his entitlement to the pension benefits paid to him by the Police Pension Fund since 1962 and his right to continued membership in the Teachers' Retirement System. Special Term granted defendants' motions for summary judgment and this appeal ensued.

The basic issues concerning plaintiff's rights in this case are complicated by a change in the law which occurred in 1964, some two years after plaintiff began receiving benefits from the Police Pension Fund. Pursuant to the law in effect when plaintiff retired from the New York City Police Department and commenced his employment with SUNY, the payment of pension benefits to a retiree by a public retirement system, such as the Police Pension Fund, was required to be suspended during any period that the retiree was receiving a salary from subsequent employment with a public employer, such as SUNY (Civil Service Law former § 150). Plaintiff points to Civil Service Law former § 151, which authorized employment "as a substitute teacher in any publicly supported school and college or as a lecturer on a per hour, per diem or monthly salary basis in the publicly supported colleges within the state of New York" without any suspension of pension benefits as long as the compensation for such employment in one year did not exceed $7,000. In our view, however, this latter statute was not intended to aid a retiree in plaintiff's position who was employed as a full-time faculty member of SUNY for over 20 years at an annual salary (based upon the academic year) well in excess of the $7,000 limit. Accordingly, if plaintiff's rights were governed solely by reference to the law in effect in 1962, when plaintiff began to receive benefits from the Police Pension Fund, he would not be entitled to those benefits during the entire period of his employment with SUNY.

As noted above, however, a change in the law occurred in 1964, when article 7, entitled "Re-employment in Public Service of Retired Public Employees", was added to the Retirement and Social Security Law (L 1964, ch 803, eff July 1, 1964).[1] Plaintiff seeks to exploit that change, claiming that he must be accorded the advantages provided by article 7, but cannot be subject to any of its limitations. We refuse to construe article 7 as applicable in such a fragmented manner, particularly since it would yield a result not authorized under either the former law or article 7 when applied as a whole.

Article 7 was enacted "[t]o replace with uniform provisions in a single statute six diverse statutes extending to public pensioners the privilege to undertake limited public employment without affecting their retirement allowance" (memorandum of the Civil Service Department, 1964 McKinney's Session Laws of NY, p 1898). Contained within article 7 are two substantive provisions which arguably affect plaintiff's rights. Retirement and Social Security Law § 211 authorizes a public pensioner's return to public employment without suspension of his retirement allowance if certain conditions are met, including approval by the Chancellor of SUNY if the retiree is to be employed in the unclassified service of SUNY.[2] Plaintiff claims entitlement to the benefit of this section on the theory that he should be granted retroactive approval by the Chancellor for his employment as a faculty member of SUNY. Retirement and Social Security Law § 213 (as amended by L 1965, ch 48) prohibits a public retiree who is reemployed pursuant to article 7 from becoming a member of a public retirement system. Plaintiff maintains that he cannot be subject to this prohibition since he became a member of the Teachers' Retirement System when he first commenced his employment with SUNY in 1962, prior to the enactment of Retirement and Social Security Law § 213. Thus, plaintiff concludes, his membership in that system became "a contractual relationship, the benefits of which shall not be diminished or impaired" (NY Const, art V, § 7). A third provision of article 7, also relevant to this case, is the so-called "grandfather clause", which provides that "Notwithstanding

1. Article 7 was enacted as a temporary measure (see, Retirement and Social Security Law § 215), but the expiration date has been extended by the Legislature and currently is July 1, 1985 (Retirement and Social Security Law § 480).

2. As originally enacted (L 1964, ch 803), Retirement and Social Security Law § 211 also contained a salary cap applicable to all retirees seeking reemployment, but in 1967 the cap was removed where the retiree is reemployed in a position which is not in the service of a former employer (Retirement and Social Security Law § 211 [1] [b], as added by L 1967, ch 568).

any provision of this article, a retired person employed prior to July first, nineteen hundred sixty-four, under the provisions of * * * subdivision two of section one hundred fifty of the civil service law, or section one hundred fifty-one of the civil service law * * * may be similarly employed during the effective period of this article subject to the same conditions and limitations as were applicable to his employment under the respective provisions under which he was employed prior to July first, nineteen hundred sixty-four" (Retirement and Social Security Law § 214).

■ Turning to the question of which provisions govern plaintiff's rights, "[i]t is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other" (*People v Mobil Oil Corp.*, 48 NY2d 192, 199). "To this end, all parts thereof, if possible, are to be harmonized to achieve the legislative purpose" (*Sanders v Winship*, 57 NY2d 391, 395-396). As noted above, the purpose of article 7 was to establish uniform provisions extending to public pensioners the privilege to undertake limited public employment without affecting their retirement allowances; but this privilege, contained in Retirement and Social Security Law § 211, is conditioned upon the prohibition against membership in a public retirement system, contained in section 213, which prevents the practice of "double dipping". In our view, the two sections cannot be considered separate and apart from one another (*see, People v Mobil Oil Corp., supra,* p 199). We agree, however, with plaintiff's claim that his membership in the Teachers' Retirement System, which predated the enactment of article 7, is protected by the State Constitution, article 5, § 7 and cannot be impaired by the application of Retirement and Social Security Law § 213 (*see, Birnbaum v New York State Teachers Retirement Sys.,* 5 NY2d 1, 9). Since sections 211 and 213 of article 7 cannot be considered separate and apart from one another, and since section 213 cannot be applied to deprive plaintiff of his membership in the Teachers' Retirement System, it follows that section 211 is not applicable and that plaintiff may not take advantage of the privilege established by section 211.[3]

Since the substantive provisions of article 7 are not applicable to plaintiff, we must look to the "grandfather clause" (Retire-

---

**3.** We need not pass on the question of whether plaintiff could take advantage of the provisions of section 211 by voluntarily subjecting himself to the provisions of section 213 for plaintiff refuses to give up his membership in the Teachers' Retirement System.

ment and Social Security Law § 214), pursuant to which plaintiff, who was employed prior to the effective date of article 7, "may be similarly employed during the effective period of [article 7] subject to the same conditions and limitations as were applicable to his employment" pursuant to the statutes under which he was originally employed. As determined above, plaintiff's employment by SUNY in 1962 was subject to the conditions and limitations in Civil Service Law former §§ 150 and 151, under which plaintiff was not entitled to receive pension benefits from the Police Pension Fund during his employment with SUNY. Accordingly, Special Term properly declared that, pursuant to Retirement and Social Security Law § 214, plaintiff was not entitled to the benefits received from the Police Pension Fund since 1962. The decretal paragraphs of the judgment declaring plaintiff's rights under sections 211 and 213, however, should be deleted and replaced by a provision declaring that sections 211 and 213 are not applicable to plaintiff.

■ Plaintiff's constitutional arguments are founded upon the due process and equal protection clauses. As to the due process claim, which is based upon the lack of an evidentiary hearing prior to the termination of plaintiff's pension benefits by the Police Pension Fund, we are guided by the principles outlined by the Court of Appeals in *Matter of Economico v Village of Pelham* (50 NY2d 120), a case involving termination of public employment pursuant to a statute which did not provide for a hearing. The court explained that: "unlike some legal principles, the requirements of due process do not command that an inflexibly ordained procedure be applied to every case in which some right or status recognized by State law is threatened with alteration or extinguishment. Rather, each case turns on an independent analysis of the governmental and private interests exposed to State action" (*supra,* at p 125). As in the case of the petitioner's employment in *Matter of Economico v Village of Pelham* (*supra,* pp 126-127), plaintiff's entitlement to continued receipt of pension benefits from the Police Pension Fund must be viewed as something less than an unrestricted property right subject to the full panoply of due process protections. Rather, plaintiff's right to continued receipt of those benefits is subject to the conditions imposed by Civil Service Law former § 150, applicable pursuant to Retirement and Social Security Law § 214. This is not to say, however, that plaintiff's rights are not subject to any procedural safeguards, for "the Constitution treats certain core procedural protections — notice and an opportunity to be heard — as mandatory incidents attendant to the final extinguishment of a

property interest on stated substantive grounds" (*Matter of Economico v Village of Pelham, supra,* p 127).

We conclude that the Police Pension Fund's letter of August 19, 1982 met these minimum requirements. Plaintiff maintains that a full hearing was necessary, noting several objections that he would raise at such a hearing. Once again we refer to *Matter of Economico v Village of Pelham* (*supra,* p 128), where the court emphasized that "[u]nderlying the necessity for a due process hearing is some factual dispute". We agree with Special Term that no factual dispute exists and, therefore, plaintiff was not entitled to a hearing (*see, Matter of Simonds v New York State Teachers' Retirement Sys.,* 42 AD2d 470, 473). Accordingly, Special Term properly declared that plaintiff's due process rights had not been violated by the actions of the Police Pension Fund.

Plaintiff's equal protection argument is based upon the fact that public pensioners who undertake private employment are not subject to the same conditions and limitations as public pensioners who return to public employment. To succeed on its constitutional challenge, plaintiff must establish the unconstitutionality of the statutory scheme beyond a reasonable doubt (*Matter of Coller v State Univ.,* 80 AD2d 166, 169), overcoming the dual presumption of constitutionality and that the Legislature investigated and found such facts as were necessary to support the legislation (*see, O'Connor v Levitt,* 51 AD2d 1090). Plaintiff's assertions are inadequate to meet this burden.

Finally, plaintiff argues that the Police Pension Fund should be estopped from terminating his benefits and seeking to recover benefits paid since 1962 because it knew or should have known of plaintiff's reemployment with SUNY. As a general rule, "the doctrine of estoppel is not applicable to agencies of the State acting in a governmental capacity" (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 94, n 1). This rule has been applied consistently in the area of public retirement (*see, e.g., Matter of Galanthay v New York State Teachers' Retirement Sys.,* 50 NY2d 984; *Matter of Syrewicz v New York State Teachers' Retirement Sys.,* 79 AD2d 1072, *lv denied* 53 NY2d 602). We see no reason to depart from the general rule in this case.

Special Term's judgment should be modified as indicated herein, and, as so modified, it should be affirmed.

WEISS, MIKOLL, LEVINE and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by deleting the second, third, fourth and fifth decretal paragraphs and substi-

tuting therefor a paragraph providing that Retirement and Social Security Law §§ 211 and 213 are not applicable to plaintiff, and, as so modified, affirmed.