*432 OPINION OF THE COURT
John R. LaCava, J.
Petitioner commenced this CPLR article 78 proceeding seeking an order directing that respondents F. Thomas Clark and Rockland Community College (RCC) make a contribution to her TIAA/CREF retirement annuity pursuant to section 5 (b) of the Local Government Retirement Incentive Program (L 1991, ch 178). She asserts that in refusing to do so, respondents have failed to perform a duty enjoined upon them by law. Additionally, she contends that the determination was arbitrary, capricious and an abuse of discretion.
In 1965 petitioner became a participant in the New York State Teachers’ Retirement System while employed as a teacher in the Clarkstown, New York, School District. In 1972, while employed as an assistant professor at Manhattan College, a private institution, she began participating in the TIAA/CREF retirement program.
On November 30, 1985, while employed at B.O.C.E.S. of Nassau County, petitioner retired from the New York State Teachers’ Retirement System. She immediately began receiving retirement benefits from that system.
On December 1, 1985, petitioner was reemployed in the public sector by RCC as an assistant dean of instructional and community services. Petitioner applied for and was granted a Retirement and Social Security Law § 211 exemption for the period from December 1, 1985 through August 31, 1986. Such an exemption allowed her to receive full State retirement benefits despite her reemployment which would have otherwise suspended her retirement benefits (see, Civil Service Law § 150). Five additional annual exemptions were subsequently granted in connection with her RCC employment. No contributions to her TIAA/CREF retirement account were made by her or RCC and no payments were made to her from such account during the term of her RCC employment.
During the last of her annual periods of section 211 certified employment at RCC, which ran from January 1, to December 31, 1991, petitioner was notified via form letter dated July 29, 1991 that "[RCC] has elected to be a participating employer in the Local Government Retirement Incentive Program, Chapter 178, of the New York State Laws of 1991” and that she "may be eligible for the retirement incentive program.” Prior to her receipt of this letter, petitioner had informed RCC that she intended to retire on August 30, 1991. By memorandum *433 dated August 12, 1991 she made known her request for chapter 178 benefits. The request was denied. This proceeding ensued.
Petitioner asserts that she is an "eligible employee” under section 4 of chapter 178 who is entitled to receive a mandatory retirement incentive under section 5 (b) of chapter 178. Section 5 (b) pertains to additional contributions to "optional retirement” programs of which TIAA/CREF is one.
She further argues that section 213 of the Retirement and Social Security Law, upon which respondents relied in denying chapter 178 benefits, is inapplicable. Subdivision (a) of section 213 proscribes those retired persons reemployed in public service from "becom[ing] a member of any retirement system or pension plan administered by the state or any of its political subdivisions.” TIAA/CREF, however, is an independent entity. It serves privately and publicly employed educators alike. Subdivision (b) forbids the purchasing or granting of service credit. Petitioner notes that the subject retirement incentive is not a service credit.
While initially arguing that Brown v New York State Teachers’ Retirement Sys. (107 AD2d 103 [3d Dept 1985]) is dispositive of the matter sub judice, respondents take a different approach in a subsequently submitted affirmation. Therein, they argue that from a reading of the plain language of section 5 (b), it is clear that petitioner is not eligible for section 5 (b) benefits. Section 5 (b) provides, in pertinent part: "A participant in an optional retirement program who is entitled to a retirement incentive pursuant to section four of this act shall receive an additional contribution beyond the regular contribution of a state or participating employer on behalf of the participant to such a program”.
Respondents argue that since petitioner was not entitled to receive contributions to her TIAA/CREF retirement account during her employment at RCC,* she cannot now claim entitlement to "additional contribution beyond the regular contribution of a * * * participating employer”.
The court agrees. While, as petitioner notes, a section 5 (b) retirement incentive contribution may indeed be calculated based on contributions made by previous employers, there can be no "additional contribution beyond the regular contribution” where, as here, no regular contributions currently exist.
*434 As argued by respondents, the Court finds that Brown v New York State Teachers’ Retirement Sys. (supra) is not dispositive of the issue presented in this proceeding. There, unlike here, the Court was addressing one’s participation in two publicly administered retirement systems.
It is noteworthy, however, that in Brown (supra, at 106), the Court stated that the purpose of the section 211 exemption is to allow "public pensioners the privilege to undertake limited public employment without affecting their retirement allowance.” Additionally, the related section 211 application form, entitled "Request for Approval of the Employment of a Retired Public Employee in the Unclassified Service”, requires that the chief administrative officer of the employing college certify that, among other things, "there are not readily available any other qualified persons to perform the required duties of this position, that this college has a need for the services to be performed and that this employment is in the best interest of the state.”
It is axiomatic that a retiree would only be eligible for a section 211 exemption if he or she were willing to recommence employment. The fact that such retiree has recommenced employment in a different capacity does not affect his or her status or pension benefits as a retired person from the former position. The retiree enjoys the ability to continue to receive pension payments from his or her former career while accumulating additional income from the new employment opportunity made available because of the retiree’s unique abilities and the absence of other qualified individuals. The purpose of allowing the reemergence of the retiree into the work force is therefore not to enhance that person’s retirement benefits, which have already accrued and have begun to be distributed, but rather to satisfy the employer’s requirements in view of a limited pool of uniquely qualified individuals and the retiree’s need for additional income and/or career fulfillment. Finally, it would appear to be an anomaly to allow additional retirement incentives to a retiree who is then working under a section 211 exemption especially where additional contributions to an optional retirement program were not made during the entirety of her RCC tenure.
Based upon the foregoing, the petition is dismissed in all respects.

 This assertion is not contested.