◼ In the Matter of GLENN MAILLARD et al., Appellants, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents. [870 NYS2d 567]—

Malone Jr., J.

Petitioners are retired administrators from the William Floyd Union Free School District in Suffolk County. All are members of respondent New York State Teachers' Retirement System (hereinafter NYSTRS), with petitioner Glenn Maillard being in

tier II and petitioners John Raptis and John Pidgeon being in tier I due to their differing dates of service. In calculating Maillard's final average salary for purposes of determining his retirement benefit, NYSTRS excluded 2% of income received as an expense allowance under the applicable collective bargaining agreements. NYSTRS concluded that such income did not constitute regular compensation within the meaning of the Retirement and Social Security Law. As a result, petitioners commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court found that the determination was neither arbitrary nor capricious, and that the proceeding was premature with respect to Raptis and Pidgeon. Accordingly, it dismissed the petition. Petitioners now appeal.

Preliminarily, we note that since NYSTRS's determination was rendered without a hearing, our review is limited to whether it is arbitrary, capricious or without a rational basis (*see Matter of Moraghan v New York State Teachers' Retirement Sys.*, 237 AD2d 703, 705 [1997]). Turning to the merits, a three-year final average salary is used for computing retirement benefits for tier II members under Retirement and Social Security Law § 443 (a). It is defined as "the highest average annual regular salary earned by a member over a period covering three consecutive years of New York State service credit" (21 NYCRR 5003.1 [a]; *see* Retirement and Social Security Law § 443 [a]). Certain payments, such as those made in anticipation of retirement, or for deferred compensation, sick leave or accumulated vacation credit, are specifically excluded (*see* Retirement and Social Security Law § 443 [a]). In this regard, the pertinent regulation states that "[r]egular salary earned shall *exclude* termination pay and *payments which are not part of the salary base* and/or are not paid over a period of years; for example, bonuses and one-time-only increments" (21 NYCRR 5003.1 [a] [emphasis added]).

It is significant that, in the case at hand, the 2% expense allowance is not found in the article of the collective bargaining agreements governing administrators' salaries. Rather, it is found in an entirely separate article entitled "Fringe Benefits And Miscellaneous Compensations." The section describing the benefit states that it is "an allowance for expenses incurred for attendance at various weekend and evening school-related meetings and activities." Given the unambiguous contractual language distinguishing this type of compensation from that provided to the administrators in the form of salary, NYSTRS could rationally conclude that it did not constitute regular

compensation of the type to be included in calculating Maillard's final average salary. Accordingly, Supreme Court properly declined to disturb NYSTRS's determination (*compare Matter of Van Haneghan v New York State Teachers' Retirement Sys.*, 6 AD3d 1019 [2004]). Furthermore, we agree with Supreme Court that the proceeding is premature with respect to Raptis and Pidgeon inasmuch as they are in tier I and NYSTRS did not issue a final determination concerning their retirement benefits (*see Matter of Smith v New York State Dept. of Labor*, 306 AD2d 745, 746 [2003]; *Matter of Espada 2001 v New York City Campaign Fin. Bd.*, 302 AD2d 299 [2003]). We have considered petitioners' remaining contentions and find them to be unavailing.

Mercure, J.P., Spain, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.