■ In the Matter of DIANA JENSEN-DOOLING, Respondent, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant. [892 NYS2d 206]—

McCarthy, J.

Petitioner worked for the Monroe 2-Orleans Board of Cooperative Educational Services (hereinafter BOCES) from 1974 until 2001. In 2001, petitioner began working—through BOCES—on Project Lead The Way (hereinafter PLTW), a program of preengineering courses for middle and high school students promoted by a private, not-for-profit corporation called Project Lead The Way, Inc. (hereinafter PLTW, Inc.).

An investigation occurred into whether petitioner and others were entitled to retirement credit in respondent for work rendered in connection with PLTW (*see Matter of Blais v New York State Teachers' Retirement Sys.*, 68 AD3d 1266 [2009] [decided herewith]). In July 2006, respondent issued a preliminary determination that petitioner was not entitled to retirement credit because her work on PLTW was not teaching service and was not rendered to BOCES. After petitioner was provided an opportunity to submit evidence to refute the determination, respondent again concluded that the work that petitioner performed was not teaching service creditable in respondent, and petitioner's service was not rendered to BOCES. Therefore, petitioner was denied retirement credit for the relevant period. Petitioner sought review of respondent's determination in this CPLR article 78 proceeding. Supreme Court granted the petition, finding that it was arbitrary and capricious for respondent to conduct a de novo review of petitioner's employee status and remitted the matter to respondent for further proceedings. We reverse.

"[Respondent's] statutory responsibility, supported by broad public policy considerations, requires that it take all necessary steps to insure the financial integrity of the pension fund" (*Matter of Galanthay v New York State Teachers' Retirement Sys.*, 50 NY2d 984, 986 [1980]; *see* Education Law § 525). Indeed, as "even an award of benefits erroneously made in good faith would affect the integrity of the public retirement system, the presence or absence of good faith on the part of the employer is

irrelevant in determining whether an error occurred" (*Matter of Blais v New York State Teachers' Retirement Sys.*, 68 AD3d at 1268, citing *Matter of Galanthay v New York State Teachers' Retirement Sys.*, 50 NY2d at 986). As respondent rendered its determination without a hearing, our review is limited to ascertaining whether the determination is arbitrary and capricious or without a rational basis (*see Matter of Maillard v New York State Teachers' Retirement Sys.*, 57 AD3d 1299, 1300 [2008], *lv denied* 12 NY3d 705 [2009]; *Matter of Moraghan v New York State Teachers' Retirement Sys.* 237 AD2d 703, 705 [1997]). Although the record contains no contract between petitioner and PLTW, Inc., the evidence reveals that petitioner's work involved promoting and facilitating participation in PLTW among school districts statewide to the benefit of PLTW, Inc., and the cost of petitioner's BOCES salary and benefits and the overhead for her BOCES office were reimbursed to BOCES by that private entity. In view of respondent's statutory obligation to preserve its integrity, it was appropriate—in ascertaining whether petitioner is properly credited with service—to look beyond the labels placed on the transaction by the parties and examine its substance (*see Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d 530, 532 [2007]; *Matter of Van Haneghan v New York State Teachers' Retirement Sys.*, 6 AD3d 1019, 1021 [2004]). Accordingly, a rational basis supports respondent's determination that petitioner's service was rendered to PLTW, Inc., which is not an "employer" for purposes of participating in respondent (*see* Education Law § 501 [3]). The determination is therefore not arbitrary and capricious, notwithstanding the fact that evidence may have supported a contrary conclusion (*see Matter of Cooper v New York State Teachers' Retirement Sys.*, 19 AD3d 724, 726 [2005]; *Matter of Moraghan v New York State Teachers' Retirement Sys.*, 237 AD2d at 705).

In light of the foregoing, we need not reach respondent's contention that the work performed by petitioner did not constitute "teaching service" creditable in respondent.

Spain, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.