■ In the Matter of BRETT A. HANDLEY, Respondent-Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant-Respondent. (Proceeding No. 1.) In the Matter of KENNETH M. FORD, Respondent-Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant-Respondent. (Proceeding No. 2.) In the Matter of THERESA PHILLIPS, Respondent-Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant-Respondent. (Proceeding No. 3.) In the Matter of NIEL TEBBANO, Respondent-Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant-Respondent. (Proceeding No. 4.) In the Matter of THOMAS M. WHITE, Respondent-Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant-Respondent. (Proceeding No. 5.) [902 NYS2d 692]—

Stein, J. Cross appeals from five judgments of the Supreme Court (Ceresia Jr., J.), entered August 13, 2008 in Albany County, which, among other things, granted petitioners' applications, in five proceedings pursuant to CPLR article 78, to annul determinations of respondent recalculating their retirement benefits and/or denying credit for certain years of service.

For varying periods of time, petitioners all rendered services

in relation to Project Lead The Way, Inc. (hereinafter PLTW), a not-for-profit corporation created in 1997 to promote pre-engineering courses for middle and high school students. Prior to the times in question, petitioners were each employees of one or more public school systems covered by respondent. After obtaining positions with PLTW, each petitioner continued to be reported as an employee of a participating employer in respondent and were accumulating retirement service credit. However, after an investigation, respondent determined that petitioners were not entitled to service credit during such periods because they were not employees of participating employers or, alternatively, because they were not providing teaching services within the meaning of Education Law § 501.

Petitioners individually commenced these CPLR article 78 proceedings[1] seeking, among other things, to annul and vacate respondent's preliminary and final determinations. Supreme Court granted the petitions, finding that respondent acted arbitrarily and capriciously in denying petitioners service credit and/or reducing their retirement benefits. Specifically, Supreme Court determined that petitioners were providing teaching services within the meaning of Education Law § 501 during the applicable time periods and that respondent had failed to consider whether the participating employers had a good faith basis for designating petitioners as employees eligible for retirement credit. Supreme Court therefore remitted the matters to respondent. Respondent now appeals.[2]

We reverse. As we recently articulated in two related and factually similar cases, the presence or absence of good faith on the part of the employer is irrelevant in determining whether retirement credits were properly conferred (*see Matter of Blais v New York State Teachers' Retirement Sys.*, 68 AD3d 1266, 1268 [2009]; *Matter of Jensen-Dooling v New York State Teachers' Retirement Sys.*, 68 AD3d 1264, 1265-1266 [2009], *lv denied* 14 NY3d 705 [2010]; *see generally* Education Law § 525 [3]). It was therefore error for Supreme Court to remit the instant matters to respondent to determine whether the educational institutions involved had a good faith basis for considering petitioners to be their employees.

The actual transactions between the contracting parties—and

---

1. These five proceedings have been joined together by an order of this Court for appeal purposes.

2. Although petitioners initially cross-appealed from that portion of each judgment that remitted the matter to respondent, rather than granting the relief requested in the petition, they have not perfected their cross appeals and, thus, have abandoned them.

not the labels assigned to their relationships pursuant to a contract or otherwise—determine whether an employer-employee relationship exists (*see Matter of Blais v New York State Teachers' Retirement Sys.*, 68 AD3d at 1268). Thus, the issue now before us distills to whether—even assuming that petitioners were providing teaching services within the meaning of Education Law § 501—a rational basis exists in the record to support respondent's determinations that petitioners were not employees of the applicable educational institutions (*see* 68 AD3d at 1268-1269). We conclude that such a basis exists on the record before us.

Recognizing that, although there were a number of circumstances common to each petitioner, their situations also had distinct characteristics, respondent conducted separate investigations of each petitioner and the educational institutions claiming to employ them. In doing so, respondent reviewed, among other things, contracts between petitioners, the educational institutions and/or PLTW which outlined the terms of employment, petitioners' job descriptions, questionnaires completed by the educational institutions and PLTW's promotional materials, tax returns and cost projection reports. After notifying each petitioner of its preliminary determination that he or she was not entitled to retirement credit for the period under review, respondent invited petitioners to submit written information and documentation that might refute such determinations. Upon reviewing those submissions, respondent issued final determinations adhering to the preliminary determinations. Our own review of the record compels us to conclude that respondent reasonably determined that petitioners were not employees of the participating public employers.

For example, the record reveals that the salaries, benefits and expenses of all of the petitioners were ultimately paid by PLTW, and their job responsibilities involved developing and promoting the PLTW program nationally and were not specific to their school districts. With the exception of petitioner Niel Tebbano, none of the petitioners maintained offices at the facilities of the participating employers; they either worked from home or from PLTW's offices.[3] Additionally, petitioners all received their job assignments from PLTW. In some cases, there was undisputed

---

3. Notably, however in the case of Tebbano, although the employment agreement stated that he would be considered an employee of the Mohonasen Central School District, he forfeited the right to receive vacation benefits pursuant to a contract between the school district and its administrators. Additionally, time spent by Tebbano in his position as Director of Operations for PLTW did not count toward his seniority or tenure. When Tebbano began performing services in connection with PLTW, the Mohonasen Central School

evidence that they were supervised by PLTW employees; in those cases in which such evidence did not exist, there was nothing in the record to indicate that the employee was supervised by the participating employer.

In our view, under all the circumstances, notwithstanding the existence of some contrary evidence (*see Matter of Interlandi [Cremosa Foods Co., LLC—Commissioner of Labor]*, 70 AD3d 1150, 1151 [2010]; *Matter of Brosnahan v New York State Employees' Retirement Sys.*, 174 AD2d 954, 955-956 [1991], *lv denied* 78 NY2d 858 [1991]), there is ample support in the record for respondent's determinations that petitioners were not employees of the participating public employers (*see Matter of Wannen [Andrew Garrett Inc.—Commissioner of Labor]*, 57 AD3d 1029, 1030-1031 [2008]; *Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d 1082, 1083 [2007]). Thus, such determinations were neither arbitrary nor capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Blais v New York State Teachers' Retirement Sys.*, 68 AD3d at 1268; *Matter of Wright [Central Transp., Inc.—Commissioner of Labor]*, 58 AD3d 988, 989 [2009], *lv dismissed* 12 NY3d 843 [2009]).

In light of the foregoing, respondent's contention that it correctly determined that petitioners were not "teachers" within the meaning of Education Law § 501 (4) and (19) is academic.

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgments are reversed, on the law, without costs, and petitions dismissed. **[Prior Case History: 2008 NY Slip Op 32189(U).]**

District Board of Education filled his former position of Director of Curriculum and Development.