■ In the Matter of DONALD ANDREWS, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [915 NYS2d 687]—

Cardona, P.J. Appeals (1) from a judgment of the Supreme Court (Cahill, J.), entered July 14, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent

excluding certain compensation in calculating the amount of petitioner's final average salary, and (2) from an order of said court, entered May 5, 2010 in Albany County, which, upon reconsideration, adhered to its prior decision.

In 1967, petitioner, while employed as a teacher, joined respondent as a tier I employee.[1] He worked approximately 38 years in public education before retiring in 2005 from his last full-time employment as Superintendent of Schools for the Wallkill Central School District, an employer that participates in respondent. As relevant herein, petitioner also separately served on a part-time basis from 1986 until 2005 as the chairperson of the Mid Hudson Athletic League (hereinafter MHAL), a voluntary athletic association of public and private schools. MHAL is not a participating employer in respondent, although it operates under a cooperative services agreement of the Ulster Board of Cooperative Educational Services (hereinafter BOCES), which is a participating employer.[2] In submitting his retirement application to respondent, petitioner sought to include the compensation earned while working for MHAL in the calculation of his "[f]inal average salary" (Education Law § 501 [11]). Respondent, without a hearing, determined that the compensation earned by petitioner as MHAL's chairperson could not be included in that calculation.

Petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition, finding that respondent's decision was not irrational. The court noted, among other things, that it could not review petitioner's contention that he was being treated differently than similarly situated individuals because no supporting proof was presented. Petitioner thereafter moved to reargue asserting, among other things, that his proof of alleged disparate treatment had been properly submitted in his reply papers but had not been delivered to the court. Upon reargument, Supreme Court reviewed petitioner's submissions and determined, nonetheless, that dismissal of the proceeding was appropriate. Petitioner now appeals from both the judgment and the order upon reargument.

Initially, we note that inasmuch as respondent's determina-

---

1. Petitioner's status as a tier I member means, among other things, that, upon retirement, he may use the higher of his three- or five-year averages to calculate his final average salary (see 21 NYCRR 5003.1, 5003.2).

2. It is undisputed that many of MHAL's administrative functions were assumed by BOCES as a result of the cooperative services agreement, and school districts that sought access to the MHAL program had to do so through BOCES.

tion was rendered without a hearing, this Court's review is limited to whether it is "arbitrary, capricious or without a rational basis" (*Matter of Maillard v New York State Teachers' Retirement Sys.*, 57 AD3d 1299, 1300 [2008], *lv denied* 12 NY3d 705 [2009]; *see Matter of Jensen-Dooling v New York State Teachers' Retirement Sys.*, 68 AD3d 1264, 1266 [2009], *lv denied* 14 NY3d 705 [2010]). Turning to the merits, petitioner asserts that respondent erred in determining that his work as MHAL's chairperson should be considered ineligible employment. Instead, petitioner maintains that he should have been determined to be a BOCES employee when performing those services.

Significantly, rather than merely looking to the titles used during an employment relationship, this Court must look to the actual conduct of the parties to determine if an employer-employee relationship existed (*see Matter of Handley v New York State Teachers' Retirement Sys.*, 74 AD3d 1384, 1385-1386 [2010]; *Matter of Blais v New York State Teachers' Retirement Sys.*, 68 AD3d 1266, 1268 [2009]; *Matter of Jensen-Dooling v New York State Teachers' Retirement Sys.*, 68 AD3d at 1266). Here, there is a rational basis for the conclusion that petitioner was not a part-time employee of BOCES during the relevant period. Despite MHAL's association with BOCES, the record demonstrates that it is a separate entity with its own constitution, bylaws and regulations. Furthermore, BOCES did not certify petitioner as a member of respondent during the period he served as MHAL's chairperson, even though it was required to do so for all member employees pursuant to Education Law § 520 (4). In addition, petitioner was employed as a school superintendent while he served as MHAL's chairperson. BOCES's own rules for cooperative services agreements provide that "[a] person may not be employed by both a BOCES and a school district for the same contract period." We further find that petitioner's employment contracts with Wallkill Central School District indicated that, although it would pay petitioner's compensation for his work as chairperson of MHAL, MHAL would ultimately bear the responsibility of reimbursing the school district for wages paid to petitioner on MHAL's behalf. Consequently, respondent's determination that petitioner was employed by MHAL was not irrational, despite contrary evidence presented by petitioner (*see Matter of Handley v New York State Teachers' Retirement Sys.*, 74 AD3d at 1387).[3]

Lastly, petitioner contends that, upon reargument, Supreme

---

**3.** In light of this Court's ruling upholding the determination that petitioner's MHAL employment was not with a member employer, the ques-

Court should have found respondent's refusal to include his part-time MHAL compensation to be arbitrary and capricious based on proof that respondent had previously included MHAL income when calculating a similarly-situated person's final average salary. However, unlike the situation in *Matter of Wallon v New York State Teachers' Retirement Sys.* (294 AD2d 644 [2002]), respondent has taken the position that, regardless of the underlying circumstances, it cannot pay benefits based on salaries derived from nonmember employment and, therefore, it would not purposely have granted benefits to another individual similarly situated to petitioner (*see Matter of Blais v New York State Teachers' Retirement Sys.*, 68 AD3d at 1268). Thus, to the extent that petitioner has shown that another individual's MHAL income was included in the calculation of that person's retirement benefits, respondent has maintained that it would investigate and, if necessary, take steps to correct such an inadvertent error (*see id.*). Accordingly, since the proof presented by petitioner upon reargument cannot, even if true, support a determination in his favor, we find no basis to reverse the court's order.

We have examined petitioner's remaining arguments and find them to be lacking in merit.

Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed, without costs.

tion of whether petitioner's employment with MHAL fits within the definition of "teaching service" pursuant to Education Law § 501 (19) has been rendered academic (*see Matter of Jensen-Dooling v New York State Teachers' Retirement Sys.*, 68 AD3d at 1266).