■ In the Matter of MARTHA O. EVANS, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [951 NYS2d 267]—

Peters, P.J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered October 13, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's retirement benefit.

Petitioner is a retired teacher from the Watkins Glen Central School District and is in tier II of respondent. During the three years immediately prior to her retirement, petitioner participated in the "Senior Teacher Program" offered by the school district. This three-year program was available upon request on a one-time basis to teachers with at least 15 years of employment with the school district. The program paid a stipend of

$12,000 per year in addition to the teacher's base salary and required a participating teacher to complete preapproved annual projects. Upon her retirement, the stipend was initially included in the calculation of petitioner's final average salary for purposes of determining her retirement benefits. However, upon review, respondent concluded that the stipend should be excluded as nonregular compensation, prompting petitioner to commence this proceeding pursuant to CPLR article 78 challenging the determination. Supreme Court found that the determination was not arbitrary or capricious and dismissed the petition. Petitioner now appeals.

Since the challenged determination was rendered without a hearing, "our review is limited to whether it is arbitrary, capricious or without a rational basis" (*Matter of Maillard v New York State Teachers' Retirement Sys.*, 57 AD3d 1299, 1300 [2008], *lv denied* 12 NY3d 705 [2009]). A member's retirement benefit is computed based upon the highest average annual regular salary earned over three consecutive years (*see* Retirement and Social Security Law § 443 [a]; Education Law § 501 [11] [b]; 21 NYCRR 5003.1 [a]; *Matter of Maillard v New York State Teachers' Retirement Sys.*, 57 AD3d at 1300). Pursuant to the relevant regulations, "[r]egular salary earned shall exclude termination pay and payments which are not part of the salary base and/or are not paid over a period of years; for example, bonuses and one-time-only increments" (21 NYCRR 5003.1 [a]). Respondent concluded that the stipend paid in connection with participation in the Senior Teacher Program did not constitute "regular salary earned" because the contract between the faculty and the school district specifically provided that the stipend was not to be included as part of a teacher's base salary, the stipend was for work done in addition to and outside the scope of a teacher's regular duties and participation in the program was available only once during a teacher's employment with the school district. We find that respondent's determination had a rational basis and, accordingly, we will not disturb it (*see Matter of Maillard v New York State Teachers' Retirement Sys.*, 57 AD3d at 1300-1301; *Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d 530, 534 [2007]; *Matter of Miller v New York State Teachers' Retirement Sys.*, 157 AD2d 890, 891 [1990]). Contrary to petitioner's contentions, respondent is obligated to correct errors in the computation of retirement benefits and the recoupment of funds erroneously paid is proper (*see Matter of Galanthay v New York State Teachers' Retirement Sys.*, 50 NY2d 984, 986 [1980]; *Matter of Palandra v New York State Teachers' Retirement Sys.*, 84 AD3d 1689, 1690 [2011]). Petitioner's remaining contentions have been considered and found to be without merit.

Rose, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.