*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                518305
_____

In the Matter of EDWARD
    WARTKO,
                    Appellant,

            v                          MEMORANDUM AND ORDER

NEW YORK STATE TEACHERS'
    RETIREMENT SYSTEM et al.,
                    Respondents.
_____

Calendar Date:   September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                    _____


        Richard E. Cassagrande, New York State United Teachers,
Latham (Megan M. Mercy of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                    _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Ceresia Jr.,
J.), entered March 29, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent New York
State Teachers' Retirement System excluding certain payments in
its calculation of the amount of petitioner's final average
salary.

        Petitioner, a former teacher in the Buffalo City School
District, applied for, but was denied, a coaching position for
the 2004-2005 school year, resulting in the filing of a grievance
by petitioner's union, the Buffalo Teachers' Federation, upon

which a settlement was reached in 2006. The $9,500 settlement award was included in the calculation of petitioner's final average salary for retirement purposes by respondent New York State Teachers' Retirement System (hereinafter respondent). When petitioner was not appointed to a coaching position for the 2005-2006 and 2006-2007 school years, BTF again grieved the decisions on petitioner's behalf. In 2011, in order to settle the dispute, a memorandum of understanding (hereinafter MOU) was executed in which petitioner was awarded $11,220, which amount constituted the stipends that petitioner would have been given had he been appointed to a coaching position for both school years.[1] Pursuant to petitioner's request that respondent recalculate his three-year final average salary to include the 2011 settlement payment, respondent determined that, as such payment was not part of petitioner's regular compensation, it would not be included in the final computation of petitioner's retirement benefit. Petitioner commenced this proceeding seeking, among other things, to annul respondent's determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Petitioner argues that respondent was in error when it refused to include the $11,220 settlement award as part of his final average salary and, further, that such decision was arbitrary and capricious in light of respondent's previous inclusion of the 2006 settlement payment in its computation of his final average salary. As is relevant here, a person's final average salary is based on his or her highest average annual regular salary that was earned over any three consecutive years of service prior to retirement (see Retirement and Social Security Law § 443 [a]; Education Law § 501 [11] [b]), but shall exclude, among other things, "payments which are not part of the salary base" (21 NYCRR 5003.1 [a]; see Matter of Evans v New York State Teachers' Retirement Sys., 98 AD3d 1221, 1222 [2012]; Matter of Maillard v New York State Teachers' Retirement Sys., 57

---

[1] Although the MOU states that the $11,220 settlement amount constitutes the stipends of $5,605 that petitioner would have been paid for holding a coaching position during each of the two school years for which he applied, the annual stipend amounts actually total $11,210.

AD3d 1299, 1300 [2008], lv denied 12 NY3d 705 [2009]). Respondent's decision to distinguish the two settlement payments was rationally based. Specifically, respondent properly construed the 2006 stipulation to reflect an acknowledgment by the school district that it had violated an existing collective bargaining agreement when it denied petitioner's coaching application on the ground that he was unqualified and gave the positions to teachers with less seniority, only to later confirm that petitioner was indeed eligible to assume the coaching positions. Conversely, the MOU settling petitioner's subsequent grievances did not concede, in any manner, that the denial of petitioner's coaching applications for the 2005-2006 and 2006-2007 school years had resulted in any contractual violations and it, in fact, reiterated the school district's assertion that petitioner "was unqualified for the coaching position at issue." That the school district opted to pay petitioner in exchange for a complete settlement of his claims against it does not create a basis to find that petitioner was eligible for the coaching appointments and, therefore, that the MOU settlement payment constituted compensation that he would have earned, thereby requiring respondent to include such payment in its calculation of his final average salary (see Matter of Andrews v New York State Teachers' Retirement Sys., 80 AD3d 939, 941 [2011]; Matter of Moraghan v New York State Teachers' Retirement Sys., 237 AD2d 703, 704-705 [1997]). As respondent's determination, which was rendered without a hearing, was rational and not arbitrary and capricious, it shall remain undisturbed (see Matter of Evans v New York State Teachers' Retirement Sys., 98 AD3d at 1222; Matter of Jensen-Dooling v New York State Teachers' Retirement Sys., 68 AD3d 1264, 1266 [2009], lv denied 14 NY3d 705 [2010]).

Peters, P.J., Stein, Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court