■ In the Matter of ROBERT MORAGHAN, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [654 NYS2d 852] —Casey, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 30, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for recalculation of his pension.

Petitioner was employed as Superintendent of the Tuckahoe Common School District in the Village of Southhampton, Suffolk County, since 1983. In April 1991 petitioner and the School District entered into a new employment contract which operated retroactively to July 1, 1990 and extended petitioner's employment as Superintendent through July 31, 1993. This contract specifically provided that it was a terminal contract and that petitioner would not thereafter be employed by the School District. In compliance with the contract's provisions, petitioner applied to respondent for retirement benefits and retired effective July 24, 1993.

Prior to the 1991 contract the highest raise paid to petitioner was 10.11%. Pursuant to the terminal contract for petitioner's final three years, he received increases of over 19% for each year, which were just under the statutory 20% limit for the computation of the three-year final average salary (see, Education Law § 501 [11] [b]; 21 NYCRR 5003.1 [a]). In calculating petitioner's three-year final average salary, respondent excluded $54,343 as compensation received by petitioner pursuant to the 1991 terminal contract for previously accumulated sick leave. Petitioner commenced this CPLR article 78 proceeding to compel respondent to include the $54,343 in petitioner's three-year final average salary calculation for his retirement allowance. Supreme Court dismissed the proceeding and petitioner appeals.

Pursuant to Education Law § 501 (11) (b), lump-sum payments for accumulated sick leave are excluded from the calculation of the three-year final average salary, which is based upon "average regular compensation". The purpose of the statute is to prevent artificial inflation of final average salary by payments made in anticipation of retirement (see, Matter of Miller v New York State Teachers' Retirement Sys., 157 AD2d 890, 891). Respondent concluded that the compensation received by petitioner pursuant to the 1991 contract included payments in anticipation of retirement for the 101 days of sick leave petitioner had previously accumulated. The determination was based upon a number of factors: the annual increases of more than 19.5% provided in the 1991 terminal contract were nearly double the highest annual increase given to petitioner during his prior years of service; the 1991 contract contained no provision which preserved petitioner's entitlement to the previously accumulated sick leave; petitioner's employer acknowledged that petitioner had waived his right to the previously accumulated sick leave; and petitioner did not seek compensation for the 101 days of sick leave from his employer when he retired.

Petitioner concedes that respondent can apply the statutory lump-sum exclusion when an employee receives a substantial increase in compensation in exchange for the elimination of the right to receive payment for accumulated sick leave (see, Matter of Adler v New York State Teachers' Retirement Sys., 188 AD2d 732, 733). According to petitioner, however, respondent may do so only when the relevant contract expressly provides for such an exchange. Where, as here, the contract contains no such express provision, petitioner contends that respondent must conclude that the payments provided for in the

contract constitute regular compensation. The argument is meritless. Where, as in this case, the challenged determination was made without a hearing, judicial review is limited to whether the determination is arbitrary and capricious and without a rational basis (*see, Catlin v Sobol*, 77 NY2d 552, 561; *see also, Matter of Martone v New York State Teachers' Retirement Sys.*, 105 AD2d 511, 512). Despite the absence of an express provision in the contract, we are of the view that respondent could rationally conclude from all of the evidence in the record that petitioner received substantially larger than usual pay increases in the terminal contract in exchange for his waiver of the right to be compensated for the 101 days of previously accumulated sick leave (*cf., Matter of Holland v Regan*, 208 AD2d 1096, 1098). Indeed, petitioner offers no other explanation for his failure to seek compensation for the accumulated sick leave from his employer when he retired.

Petitioner contends that the determination is patently irrational because it resulted in no credit for any increase in the second year of the contract and severely limited the credited increase in the third year. Petitioner was, however, given full credit for the first-year increase of 19.74% provided in the contract, and the overall credited increase for the three-year period of the terminal contract was substantial. At best, petitioner has shown that a rational basis exists for respondent to have exercised its judgment to reach a different result, which is insufficient to merit judicial interference. Supreme Court correctly dismissed the petition and its judgment should be affirmed.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.