■ In the Matter of DANIEL HALL, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [697 NYS2d 763] —Mercure, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered December 23, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to include a lump-sum payment in computing petitioner's final average salary for retirement purposes.

---

Petitioner held a number of teaching positions as a member of respondent from 1959 until his retirement in 1997. Since the timing of petitioner's retirement rendered him ineligible to receive the $40,000 lump-sum retirement incentive offered under the terms of his collective bargaining agreement, petitioner and the school district that employed him entered into a separate agreement wherein petitioner's resignation was tendered and accepted by the school district in exchange for petitioner's receipt of a $40,000 lump-sum payment. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination excluding the $40,000 lump-sum payment from the five-year final average salary figure used to calculate his retirement allowance. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Education Law § 501 (11) (a) defines the five-year final average salary upon which retirement benefits are based as "the average annual compensation earnable as a teacher during any five consecutive years of state service". For retirees such as petitioner who joined respondent prior to June 17, 1971, termination pay is includable in the computation of the final average salary provided that it constitutes "compensation earned as a teacher" rather than consideration for an agreement to retire (21 NYCRR 5003.2 [b]). Here, the language of and circumstances surrounding the agreement between petitioner and the school district give rise to an inference that the agreement was not intended to alter petitioner's compensation rights under the collective bargaining agreement but was designed to provide petitioner with additional moneys over and above the compensation to which he would otherwise be entitled upon his retirement. Moreover, although the agreement recites that the $40,000 was paid to petitioner in satisfaction of previously accumulated sick leave, the record before respondent indicated to the contrary. Accordingly, we find that respondent could rationally conclude that the $40,000 received by petitioner was given in exchange for his resignation and thus excludable from his five-year final average salary (*see generally*, *Matter of Moraghan v New York State Teachers' Retirement Sys.*, 237 AD2d 703; *Matter of Adler v New York State Teachers' Retirement Sys.*, 188 AD2d 732).

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.