■ In the Matter of MARC W. HOROWITZ, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [740 NYS2d 158] —Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 17, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to include a lump-sum payment in computing his final average salary for retirement purposes.

Petitioner, a member of respondent since 1970, was an administrator in the Jericho Union Free School District from July 1981 to July 1998 when, pursuant to a stipulation of settlement with the District, he resigned in lieu of being subjected to disciplinary action. The stipulation also referred to a simultaneously executed agreement between the District and the Jericho Administrators Association entitled "Resignation/Retirement Incentive Benefit Program" (hereinafter Incentive Agreement), pursuant to which petitioner received a lump-sum payment of $123,789. Treating this payment as an inducement for petitioner's immediate resignation rather than accepting petitioner's characterization of it as compensation for accumulated sick time, respondent omitted it in calculating his five-year final average salary. After respondent refused to reconsider, petitioner commenced this CPLR article 78 proceeding to annul its determination. Upholding the determination, Supreme Court dismissed the petition, and this appeal ensued.

We affirm. The term "final average salary" is defined as "the average annual compensation earnable as a teacher during any five consecutive years of state service" (Education Law § 501 [11] [a]). Termination pay is includable in this computation "provided it constitutes compensation earned as a teacher" (21 NYCRR 5003.2 [b]). "The purpose of the statute is to prevent artificial inflation of final average salary by payments made in anticipation of [resignation] * * *" (*Matter of Moraghan v New York State Teachers' Retirement Sys.*, 237 AD2d 703, 704 [citations omitted]). Thus, we have held that a lump-sum payment may be excluded from the calculation of a

teacher's five-year final average salary where the circumstances support the conclusion that the payment was made in exchange for resignation rather than in satisfaction of accumulated sick leave (*see, Matter of Hall v New York State Teachers' Retirement Sys.*, 266 AD2d 638, *lv denied* 94 NY2d 759).

Here, the timing of petitioner's resignation would have rendered him ineligible for the lump-sum payment provided by the expired collective bargaining agreement between the District and the Association, and those parties entered into a separate agreement designed to facilitate his resignation. The Incentive Agreement, while conferring the same financial benefit which the prior collective bargaining agreement provided to eligible retirees for accumulated sick leave, instead described that benefit as "a pay differential equal to one year's salary." Significantly, the stipulation characterized that benefit as a resignation "incentive," and petitioner's resignation was specifically conditioned on its receipt. Moreover, the Incentive Agreement was executed on the same day as the stipulation, provided a benefit for which petitioner was the only recipient and required him to act within two business days in order to obtain its benefit.

Thus, the language and circumstances of the agreements involved here rationally support respondent's findings that the Incentive Agreement was tailored to petitioner's situation and utilized solely to induce his resignation (*see, id.* at 639; *see also, Catlin v Sobol*, 77 NY2d 552, 561). Accordingly, Supreme Court did not err in upholding respondent's determination and dismissing the petition.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.