■ In the Matter of THOMAS WALLON, Appellant-Respondent, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent-Appellant. [741 NYS2d 597] —Rose, J. Cross appeals from a judgment of the Supreme Court (Sheridan, J.), entered May 3, 2001 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent excluding certain payments in calculating the amount of petitioner's final average salary.

Petitioner, a member of respondent since 1965, retired from his position as an elementary school principal with the Avon School District in July 1998. In September 2000, respondent excluded the District's payments of $21,500 to petitioner's tax-sheltered annuity and $14,793.43 in lieu of health insurance from its calculation of his final average salary (hereinafter FAS). Although these payments were made pursuant to a 1996 collective bargaining agreement between the District and petitioner's administrative bargaining unit, respondent found neither payment to be "compensation" within the meaning of Education Law § 501 (11). Respondent also determined that the prior inclusion of these amounts in petitioner's FAS resulted in a $9,031.63 overpayment of retirement benefits, necessitating the deduction of $1,000 from his monthly benefits until the overpayment is recouped. Petitioner brought this CPLR article 78 proceeding to annul these determinations. Supreme Court partially granted the petition based on its finding that the District's payments in lieu of health insurance should be included in petitioner's FAS, but dismissed the petition in all other respects. Both parties appeal, and we now affirm.

In applying Education Law § 501 (11) (b), we have held that "payments made near the end of an applicant's career of benefits which he [or she] accumulated throughout the course of his [or her] working life will not be included in the ultimate determination of his [or her] retirement income" (*Matter of Martone v New York State Teachers' Retirement Sys.*, 105 AD2d 511, 512; *see, Matter of Moraghan v New York State Teachers'*

*Retirement Sys.*, 237 AD2d 703, 704). Here, despite petitioner's contention to the contrary, the record fails to show that the payments to his annuity were for services performed during the time period covered by the 1996 collective bargaining agreement. Although petitioner asks us to consider the affidavit of the District's collective bargaining negotiator on this issue, we cannot do so because it was not part of the administrative record and is new evidence offered by petitioner for the first time in his CPLR article 78 proceeding (*see, Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals of Vil. of E. Hampton*, 273 AD2d 387, 388; *Matter of Van Antwerp v Board of Educ. for Liverpool Cent. School Dist.*, 247 AD2d 676, 678). Instead, the record contains evidence that the extra payments to his annuity were made shortly before his retirement, exceeded the contributions received by another administrator who did not intend to retire, and were not compensation for service during the term of the agreement then in effect. Petitioner confirmed this in his letter of February 1, 2000, where he asserted that he worked hard for 25 years through difficult labor disputes and was rewarded for his past accomplishments by the extra payments to his annuity. As in *Matter of Martone v New York State Teachers' Retirement Sys.* (*supra*), there is a rational basis for respondent's conclusion to exclude payments made immediately preceding petitioner's retirement for service throughout his long career.

Next, we agree with Supreme Court that the payments in lieu of health insurance should have been included in petitioner's FAS because respondent had included such payments in the FAS of another District administrator-retiree, Richard Letvin. Rejecting respondent's attempt to distinguish Letvin's payments on the ground that he was covered by his spouse's insurance while petitioner used his payments to purchase health insurance, Supreme Court properly concluded that petitioner and Letvin were similarly situated and had to be similarly treated by respondent to avoid being arbitrary and capricious (*see, Matter of Sunrise Manor Nursing Home v Axelrod*, 135 AD2d 293, 297-298; *Matter of Exxon Corp. v Board of Stds. & Appeals of City of N.Y.*, 128 AD2d 289, 296, *lv denied* 70 NY2d 614). Thus, Supreme Court correctly annulled that part of respondent's determination.

Finally, Supreme Court correctly ruled that respondent did not abuse its discretion by demanding repayment over a nine-month period, as petitioner was on notice for at least 13 months that substantial portions of his FAS were being disputed and that he might be required to repay any overpayments. Also,

once petitioner initiated the CPLR article 78 proceeding, respondent suspended the monthly deduction pending its resolution, thus giving petitioner an additional 15-month grace period before resumption of the now reduced deductions. Thus, we find that respondent's recoupment schedule of repayment over a nine-month period is not arbitrary or capricious.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.