■ In the Matter of MARGARET VAN HANEGHAN, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [776 NYS2d 120]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Benza, J.), entered January 29, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's retirement benefit.

In January 1998, the Brighton Central School District and the Association of Brighton Administrators, a collective bargaining unit representing school administrators, reached an agreement under which the District would provide retirement incentives to administrators who retired at the end of the 1997-1998 and 1998-1999 school years. Administrators retiring at the end of the 1997-1998 school year would receive an incentive of $35,000; those retiring at the end of the 1998-1999 school year would receive an incentive of $25,000. Petitioner, who was employed as the Director of Special Education by the District and met all the requirements for the incentive, filed a timely notice of intent to retire at the end of the 1998-1999 school year. Shortly thereafter, the District Superintendent approached petitioner, explained that he was unable to recruit a suitable replacement and requested that she delay her retirement until the end of the 1999-2000 school year.* After petitioner reiterated her interest in taking advantage of the retirement incentive, the Superintendent obtained an oral agreement from the President of the Association to permit petitioner to remain eligible for the retirement incentive if she chose to defer retirement until the end of the 1999-2000 school year. In accordance with that agreement, the Superintendent invited petitioner to delay her retirement for one year, which she agreed to do.

Petitioner retired in October 2000 and received the $25,000 retirement incentive. Upon petitioner's application for retire-

---

* Petitioner relies upon an affidavit from the Superintendent indicating that pursuant to the verbal agreement, the offer to defer the retirement incentive was extended to all administrators requested to remain for another year by the District. We do not consider this portion of the affidavit in our analysis, however, because evidence that the offer was available to other administrators was not part of the administrative record before respondent (see e.g. Matter of Wallon v New York State Teachers' Retirement Sys., 294 AD2d 644, 645 [2002]).

ment benefits, respondent determined that the $25,000 payment would not be included in her five-year average salary for purposes of calculating the amount of her retirement benefits. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court dismissed the petition. Petitioner now appeals, asserting that respondent's determination that the $25,000 payment should not be included in calculating her final average salary was irrational. We agree.

Petitioner's "[f]inal average salary" for purposes of determining retirement benefits is "the average annual compensation earnable as a teacher during any five consecutive years of state service" (Education Law § 501 [11] [a]). In order "to prevent artificial inflation of final average salar[ies] by payments made in anticipation of retirement" (*Matter of Moraghan v New York State Teachers' Retirement Sys.*, 237 AD2d 703, 704 [1997]), termination pay is includable in the calculation of final average salaries only if "it constitutes compensation earned as" an administrator (21 NYCRR 5003.2 [b]). " 'In determining what constitutes termination pay or compensation paid in anticipation of retirement, we must look to the substance of the transaction and not to what the parties may label it' " (*Matter of Davies v New York State & Local Police & Fireman Retirement Sys.*, 259 AD2d 912, 914 [1999], *lv denied* 93 NY2d 810 [1999], quoting *Matter of Green v Regan*, 103 AD2d 878, 878-879 [1984]). Payments that are over and above the compensation to which an administrator would otherwise be entitled and given to induce his or her resignation are excludable (*see Matter of Horowitz v New York State Teachers' Retirement Sys.*, 293 AD2d 861, 861 [2002], *lv denied* 98 NY2d 614 [2002]; *Matter of Hall v New York State Teachers' Retirement Sys.*, 266 AD2d 638, 639 [1999], *lv denied* 94 NY2d 759 [2000]).

Respondent concedes that retirement incentives paid in accordance with a collective bargaining agreement are includable in an administrator's five-year final average salary and the $25,000 payment would have been includable if petitioner had retired at the end of the 1998-1999 school year, as she initially attempted to do in submitting her notice of intent to retire. Nevertheless, respondent argues that the decision to exclude the payment was rational because it was not expressly authorized by any of the three written collective bargaining agreements supplied by petitioner in connection with her application for retirement benefits.

The record reveals, however, that the Superintendent submitted a letter to respondent explaining that the District and the

Association agreed to defer payment of the $25,000 in exchange for petitioner's deferral of her retirement plans and continued employment in her position for one year. This agreement was "intended to alter petitioner's compensation rights under the collective bargaining agreement" (*Matter of Hall v New York State Teachers' Retirement Sys., supra* at 639), rather than to provide her with a benefit in exchange for her resignation. Indeed, petitioner had tendered her notice of intent to retire *prior* to the District's offer to defer payment. Therefore, it cannot be said that the offer was made to induce her to resign. Instead, it was petitioner's attempt to resign that led to the agreement between the District and the Association to permit petitioner to defer her retirement for a year while a suitable replacement was sought. Inasmuch as the deferral of payment was offered in exchange for petitioner remaining in her position for another year, we conclude that the $25,000 payment was "compensation" within the meaning of 21 NYCRR 5003.2 (b) and respondent's determination to exclude it from the computation of petitioner's final average salary was arbitrary and capricious (*cf. Matter of Horowitz v New York State Teachers' Retirement Sys., supra* at 861; *Matter of Hall v New York State Teachers' Retirement Sys., supra* at 639).

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, and respondent is directed to recalculate petitioner's final average salary to include the $25,000 payment received from the Brighton Central School District and to make retroactive and future payments based on the recalculated final average salary.