■ In the Matter of SAMUEL L. COOPER, Respondent-Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant-Respondent. [795 NYS2d 802]—

Carpinello, J. Cross appeals from a judgment of the Supreme Court (Kavanagh, J.), entered March 2, 2004 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent calculating petitioner's retirement benefit.

Petitioner, a retired public school administrator, challenges respondent's calculation of his retirement benefit. Because of the date on which he joined respondent, petitioner was entitled to have his retirement benefit calculated by using two alternate methodologies—one based on a three-year final average salary and one based on a five-year final average salary—with his final benefit being based on the higher of the two (*see* Education Law § 501 [11] [a], [b]).[1] In this case, petitioner's five-year final average salary as calculated by respondent provided the higher benefit. Dissatisfied with certain exclusions from both calculations, petitioner commenced this CPLR article 78 proceeding challenging those exclusions. His partial success before Supreme Court has prompted these cross appeals by the parties.

We first address the calculation of petitioner's three-year final average salary. The record indicates that petitioner's base salary in his last year of employment was increased from $72,510 to $84,500. This constituted a 16.5% raise, as opposed to a 4.3% raise received by all other administrative personnel. Respondent found that the difference between these two figures was not "regular" compensation under the applicable statute and regulation, and was thus ineligible for inclusion in its calculation of petitioner's three-year final average salary (*see* Educa-

---

1. The three-year final average salary is defined as "the highest average annual regular salary earned by a member over a period covering three consecutive years of . . . service . . . [exclusive of] termination pay and payments which are not part of the salary base and/or are not paid over a period of years" (21 NYCRR 5003.1 [a]). As pertinent here, the five-year final average salary is defined as "the highest average annual salary earned by a member over a period covering five consecutive years of . . . service" (21 NYCRR 5003.2 [a]), including termination pay that constitutes earned compensation (*see* 21 NYCRR 5003.2 [b]).

tion Law § 501 [11] [b]; 21 NYCRR 5003.1 [a]).[2] Supreme Court found that respondent failed to fully credit the school district's explanation for this substantial raise and thus ruled that the failure to include the entire raise in petitioner's three-year retirement calculation lacked a rational basis. We disagree.

Clearly, the legislative intent of Education Law § 501 is to insure that retirement benefits are based upon "a percentage of 'regular salary' earned over a period of years" (*Matter of Simonds v New York State Teachers' Retirement Sys.*, 42 AD2d 470, 472 [1973]) and "to prevent artificial inflation of final average salary by payments made in anticipation of retirement" (*Matter of Moraghan v New York State Teachers' Retirement Sys.*, 237 AD2d 703, 704 [1997]). In the case at bar, the school district stated that the disproportionate raise was intended to compensate petitioner for assuming the duties of another employee. This other employee, however, departed in 1997. No increase in salary was given to petitioner until some 2¹/₂ years later, i.e., for the 2000-2001 school year. Given this evidence, it was not irrational for respondent to conclude that the disproportionate increase in salary was given in anticipation of retirement despite the school district's protestations to the contrary (*see Matter of Wallon v New York State Teachers' Retirement Sys.*, 294 AD2d 644, 645 [2002]). The mere fact that there is some evidence in the record which could have supported a different result does not make respondent's determination irrational and the existence of such other evidence is "insufficient to merit judicial interference" (*Matter of Moraghan v New York State Teachers' Retirement Sys., supra* at 705).

Next, we agree with Supreme Court's conclusion that respondent's exclusion of certain retirement incentives exceeding $19,000 from petitioner's five-year final average salary was rational. Under the terms of the school district's collective bargaining agreement, petitioner would not have been entitled to such benefits but for a purported "side letter agreement" which was peculiar to him. While a five-year final average salary can include "termination pay" (21 NYCRR 5003.2 [b]), the benefits of such individualized arrangements have been found to be ineligible for inclusion in this category (*see Matter of Hall v New York State Teachers' Retirement Sys.*, 266 AD2d 638, 639 [1999], *lv denied* 94 NY2d 759 [2000]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is modified, without costs, by reversing so much thereof as partially granted the petition; petition dismissed in its entirety; and, as so modified, affirmed.

---

**2.** This raise, in its entirety, was included in petitioner's five-year final average salary calculation.