In the Matter of LUCIANO CURRA, Respondent, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant. [815 NYS2d 791]—

Spain, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered April 7, 2005 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent calculating petitioner's retirement benefit.

Petitioner was employed as a teacher and assistant superintendent in the Hauppauge Union Free School District in Suffolk County from 1970 until his retirement in 2002. Following his retirement, petitioner commenced this proceeding pursuant to CPLR article 78 challenging respondent's calculation of his retirement benefit. Supreme Court granted petitioner's application, and respondent now appeals.

Retirees such as petitioner, who joined respondent prior to June 17, 1971, are entitled to have termination pay which constitutes compensation earned as a teacher or administrator included in the computation of the final average salary (see 21 NYCRR 5001.1 [d]; 5003.2 [a], [b]; Matter of Van Haneghan v New York State Teachers' Retirement Sys., 6 AD3d 1019, 1021 [2004]). In February 2002, petitioner informed the school district that he intended to retire on June 1, 2002 and that he planned to utilize all of his accumulated vacation days prior to that date, making his last day of work approximately March 1, 2002. The school district, however, desired to have petitioner remain in its employ until August 2, 2002 to ensure a smooth transition of its central administration. As a result, petitioner and the school district executed a supplemental employment agreement which provided that petitioner would forgo his earned vacation days and continue working until August 2, 2002. Additionally, petitioner agreed to take on further responsibilities to facilitate the smooth transition. In exchange, the school district agreed to compensate petitioner for his surrendered vacation days and to increase his salary by $3^{1}/_{2}\%$.

The record demonstrates that, rather than serving to artificially inflate petitioner's final average salary or induce his resignation, the payment was genuinely made to delay petitioner's retirement and represents the value of his services to the school district during the relevant period of time. Accordingly,

we agree with Supreme Court that it was irrational for respondent to conclude that the payment was not compensation earned by petitioner in his position as an administrator (*see Matter of Van Haneghan v New York State Teachers' Retirement Sys., supra* at 1022; *cf. Matter of Horowitz v New York State Teachers' Retirement Sys.,* 293 AD2d 861, 862 [2002], *lv denied* 98 NY2d 614 [2002]; *Matter of Hall v New York State Teachers' Retirement Sys.,* 266 AD2d 638, 639 [1999], *lv denied* 94 NY2d 759 [2000]). Accordingly, said compensation should have been included in the computation of his final average salary.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.