■ In the Matter of JAMES R. THOMPSON, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [912 NYS2d 141]—

Garry, J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered August 27, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's retirement benefit.

Petitioner worked as an educator beginning in 1972, and was employed as a principal in the LeRoy Central School District from 1997 onward. Pursuant to a collective bargaining agreement (hereinafter CBA) between the school district and the LeRoy Administrators' Assocation, he was to receive 3.5% annual pay increases through the 2005-2006 school year. The CBA also offered a retirement incentive wherein an administrator who retired immediately after becoming eligible to do so without penalty would receive a lump-sum payment of $20,750. Petitioner would have qualified for the incentive had he retired during the 2004-2005 school year, but he did not do so. Instead, the school district and association executed a memorandum of understanding in 2005 that granted large annual raises to petitioner and another administrator nearing retirement age. Specifically, the memorandum amended the CBA to give petitioner a 10.22% salary increase in the 2005-2006 school year, and guaranteed that the successor CBA would give him a 6.5% salary increase for the 2006-2007 school year. Following petitioner's 2007 retirement, respondent excluded those increases in salary when calculating his retirement benefit, and

this CPLR article 78 proceeding ensued. Supreme Court dismissed the petition, and petitioner appeals.

We affirm. In order to determine petitioner's retirement benefits, respondent appropriately calculated his final average salary using "the average regular compensation earned . . . during the three years of actual service immediately preceding his date of retirement" (Education Law § 501 [11] [b]). To prevent the artificial inflation of that figure, respondent is directed to exclude any form of termination pay or compensation otherwise paid in anticipation of retirement (*see* Education Law § 501 [11] [b]; 21 NYCRR 5001.1 [d]; 5003.1 [a]; *Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d 530, 532 [2007]). Here, the 2005 memorandum of understanding states that it was intended to "provide administrators with an incentive to continue [working] beyond retirement eligibility," and granted exceptional salary increases to petitioner. Indeed, the school district's business administrator readily admitted that the increases were intended to "partially offset the loss of the retirement incentive" and induce petitioner to continue working through 2007.* Despite petitioner's protestations that he had no express timetable for retiring when the memorandum of understanding was executed, respondent rationally concluded from the above evidence that the disproportionate increases in his salary were made in anticipation of retirement (*see Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d at 534; *Matter of Cooper v New York State Teachers' Retirement Sys.*, 19 AD3d 724, 726 [2005]; *Matter of Adler v New York State Teachers' Retirement Sys.*, 188 AD2d 732, 733 [1992]).

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Unlike employees who had joined respondent prior to June 17, 1971, petitioner was not entitled to include termination pay in his final average salary even if it constituted compensation earned as a teacher or administrator (*compare* 21 NYCRR 5003.1 [a] *and* 21 NYCRR 5003.2 [c] *with* 21 NYCRR 5003.2 [b]; *Matter of Curra v New York State Teachers' Retirement Sys.*, 30 AD3d 666, 666 [2006]).