■ In the Matter of MARIA PALANDRA, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [924 NYS2d 124]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 29, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's retirement benefit.

Petitioner was employed by the Elmont Union Free School District and eventually became its superintendent of schools. In 2000, petitioner and the school district entered into a contract setting her salary for the 2000-2001 school year at $140,000 and capping her salary increases in the following two school years at 5%. That agreement further provided that petitioner would receive payment for her accumulated vacation and sick leave upon her retirement. Further negotiations occurred in 2001, and petitioner's salary for the 2001-2002 school year was increased to $170,000, with the school district additionally giving her the option of receiving a "one-time career increment" equal to 27.5% of her salary in lieu of longevity increments.

A new agreement was entered into in 2004 that eliminated the career increment provision and barred petitioner from receiving payment for unused leave time upon her retirement. Instead, petitioner's salary for the 2002-2003 school year was retroactively raised to $224,268, with increases in following years again capped at 5%. Petitioner retired after the 2004-2005 school year, prompting respondent to inquire into, among other

things, the circumstances of the 2001-2002 and 2002-2003 salary increases. Respondent ultimately excluded those increases from the calculation of petitioner's final average salary and reduced her retirement benefits accordingly, prompting this CPLR article 78 proceeding (*see* 21 NYCRR 5003.1). Supreme Court dismissed the petition, and petitioner appeals.

We affirm. In order to calculate petitioner's retirement benefits, respondent must rely upon her final average salary, defined as "the average regular compensation earned . . . during the three years of actual service immediately preceding [her] date of retirement" (Education Law § 501 [11] [b]). Respondent will accordingly act to prevent the artificial inflation of that figure by excluding "any form of termination pay or compensation otherwise paid in anticipation of retirement" (*Matter of Thompson v New York State Teachers' Retirement Sys.*, 78 AD3d 1456, 1457 [2010]; *see* Education Law § 501 [11] [b]; *Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d 530, 532 [2007]). Here, petitioner stated in a 2004 letter that she had told the Elmont Board of Education of her plans to retire over two years earlier. She received extraordinary salary increases in the 2001-2002 and 2002-2003 school years during that period and, indeed, had altered the terms of prior agreements to do so. Moreover, the latter increase was accompanied by the elimination of her contractual rights to obtain payments for accumulated leave time upon her retirement and an optional one-time only increment, items that were facially excludable from her final average salary (*see* 21 NYCRR 5001.1 [d]; 5003.1 [a]; *Matter of Maillard v New York State Teachers' Retirement Sys.*, 57 AD3d 1299, 1300 [2008], *lv denied* 12 NY3d 705 [2009]). Notwithstanding material in the record that could support a different result, respondent rationally concluded from the above evidence that the 2001-2002 and 2002-2003 salary increases were made in anticipation of petitioner's retirement and excluded them from her final average salary (*see Matter of Thompson v New York State Teachers' Retirement Sys.*, 78 AD3d at 1457; *Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d at 534).

Lastly, on the facts presented here, we reject petitioner's claim that respondent's otherwise rational determination was rendered arbitrary and capricious by the delay in issuing it (*see Matter of Galanthay v New York State Teachers' Retirement Sys.*, 50 NY2d 984, 986 [1980]; *Matter of Faville v Ambach*, 124 AD2d 367, 368 [1986], *lv denied* 69 NY2d 611 [1987]; *cf. Matter of Barbera v New York City Empls. Retirement Sys.*, 211 AD2d 406, 408-409 [1995], *lv denied* 86 NY2d 701 [1995]).

Spain, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 27 Misc 3d 1214(A), 2010 NY Slip Op 50735(U).]**