■ In the Matter of LORENZO LICOPOLI, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [955 NYS2d 444]—

McCarthy, J.

In petitioner's case, respondent must determine his retirement benefits based upon a calculation of his final average salary, that is, the actual compensation earned during either the last three or five years of his employment, whichever is higher (*see* Education Law § 501 [11] [a], [b]; *Matter of Cooper v New York State Teachers' Retirement Sys.*, 19 AD3d 724, 725 [2005]). To prevent artificial inflation of this figure, any form of extra payment made in anticipation of retirement must be excluded (*see Matter of Palandra v New York State Teachers' Retirement Sys.*, 84 AD3d 1689, 1690 [2011]; *Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d 530, 532 [2007]).

Petitioner argues that the monies paid to him that were required to be gifted back to the school district constituted regular compensation because they did not reflect unusual or extraordinary increases in his annual salary and he would have made the gifts whether or not required to pursuant to the agreement. While a four percent annual salary increase would not, in and of itself, appear extraordinary, there is no dispute that petitioner was required to return a portion of that amount to the school district. The effect of this arrangement was that petitioner did not actually receive those monies as employment compensation. We cannot find that respondent irrationally concluded that the portions of petitioner's salary that were required to be gifted back must be excluded from the calculation of his retirement benefit. Accordingly, we will not disturb respondent's determination (*see Matter of Palandra v New York State Teachers' Retirement Sys.*, 84 AD3d at 1690; *Matter of Cooper v New York State Teachers' Retirement Sys.*, 19 AD3d at 726).

Peters, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.