■ In the Matter of GILBERT L. CHICHESTER, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [969 NYS2d 600]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for recalculation of his final average salary.

Between December 1, 1993 and August 31, 2009, petitioner was employed—pursuant to a series of employment contracts—as the Executive Director of the Montgomery-Otsego-Schoharie Solid Waste Management Authority (hereinafter MOSA). In December 2004, petitioner's then-current employment contract expired without a new agreement in place, prompting petitioner and MOSA's governing board to enter into a verbal agreement as to petitioner's continued employment and compensation pending further contract negotiations. When no agreement had been reached as of January 2006, MOSA's governing board adopted a resolution imposing retroactive salary increases for petitioner for 2004, 2005 and 2006. Negotiations continued and, on August 20, 2009, petitioner and MOSA finally entered into a written employment contract (covering the period from January 1, 2005 to August 31, 2009), which—insofar as is relevant here—retroactively increased petitioner's annual base salary, resulting in certain lump-sum payments to petitioner.* That same day, petitioner and MOSA entered into a separate agreement setting forth petitioner's intention to resign effective August 31, 2009 and thereafter retire.

Petitioner submitted his application for service retirement ef-

---

* Petitioner's base salary increased—incrementally—from $73,254 as of August 31, 2006 to $115,000 as of August 31, 2009.

fective September 23, 2009 and, in response thereto, respondent New York State and Local Employees' Retirement System advised petitioner that the retroactive lump-sum payments he received in August 2009 (covering the period from September 1, 2006 to August 31, 2009) would not be included in the calculation of his final average salary for purposes of determining his retirement benefit. According to the Retirement System, such payments were not annual compensation but, rather, represented either a form of termination pay or additional compensation paid in anticipation of petitioner's retirement. Petitioner sought review of that determination and, following a hearing, a Hearing Officer concluded that the contested payments should be included in petitioner's final average salary. Respondent Comptroller disagreed and excluded such payments from petitioner's retirement benefit calculation, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

As our case law makes clear, "the Comptroller is vested with exclusive authority to determine applications for retirement benefits and such determination, if supported by substantial evidence, must be upheld" (*Matter of Davies v New York State & Local Police & Fireman Retirement Sys.*, 259 AD2d 912, 913 [1999], *lv denied* 93 NY2d 810 [1999]; *see Matter of Franks v DiNapoli*, 53 AD3d 897, 897-898 [2008])—even if other evidence in the record could support a contrary result (*cf. Matter of Palandra v New York State Teachers' Retirement Sys.*, 84 AD3d 1689, 1690 [2011]; *Matter of Cooper v New York State Teachers' Retirement Sys.*, 19 AD3d 724, 726 [2005]). Consistent with the provisions of the Retirement and Social Security Law, a member's retirement benefit is based upon his or her final average salary, i.e., "the average salary earned by such . . . member during any three consecutive years which provide the highest average salary" (Retirement and Social Security Law § 443 [a]; *see Matter of Evans v New York State Teachers' Retirement Sys.*, 98 AD3d 1221, 1222 [2012]). In order to avoid the artificial inflation of that figure (*see Matter of Licopoli v New York State Teachers' Retirement Sys.*, 101 AD3d 1228, 1229 [2012]; *Matter of Thompson v New York State Teachers' Retirement Sys.*, 78 AD3d 1456, 1457 [2010]), such calculation must exclude, insofar as is relevant here, "any form of termination pay" or "any additional compensation paid in anticipation of retirement" (Retirement and Social Security Law § 431 [2], [3]). "In determining what constitutes termination pay or compensation paid in anticipation of retirement, we must look to the substance of the transaction and not to what the parties may label it" (*Matter of Green v Regan*, 103 AD2d 878, 878-879 [1984]; *accord*

*Matter of Van Haneghan v New York State Teachers' Retirement Sys.*, 6 AD3d 1019, 1021 [2004]; *Matter of Davies v New York State & Local Police & Fireman Retirement Sys.*, 259 AD2d at 914; *see Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d 530, 532 [2007]).

Here, petitioner and his witnesses testified at length regarding the protracted negotiations that culminated in the execution of the August 20, 2009 employment agreement, which—by all accounts—was designed to, among other things, compensate petitioner for the years of service that he provided to MOSA without the benefit of a written employment contract and ensure that petitioner was paid a salary commensurate with the salary earned by similarly situated executive directors. While such testimony arguably militates in favor of a finding that the lump-sum payments at issue indeed were regular salary payments, we cannot overlook the fact that the underlying employment agreement expired by its own terms as of August 31, 2009—a mere 11 days after it was signed by petitioner and MOSA's chair—and, more to the point, was executed the same day that petitioner and MOSA entered into an agreement relative to petitioner's resignation (effective Aug. 31, 2009) and retirement. Additionally, notwithstanding petitioner's proffered explanation, the retroactive salary increases were disproportionate to the salary increases previously enjoyed by petitioner. Under these circumstances, "the timing of [petitioner's] large raise[s], which materialized [essentially] on the eve of retirement and [were] disproportionate to any other raises [previously] received by petitioner, had the effect of inflating petitioner's final average salary" (*Matter of Holbert v New York State Teachers' Retirement Sys.*, 43 AD3d at 534) and, therefore, we find that the Comptroller's exclusion of such sums from petitioner's final average salary and corresponding retirement benefit calculation is supported by substantial evidence (*see Matter of Thompson v New York State Teachers' Retirement Sys.*, 78 AD3d at 1457; *cf. Matter of Cooper v New York State Teachers' Retirement Sys.*, 19 AD3d at 726; *compare Matter of Curra v New York State Teachers' Retirement Sys.*, 30 AD3d 666, 666-667 [2006]).

Lahtinen, J.P., Spain and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.