# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 20, 2014                    518570
_____

In the Matter of JUANITA
    FELICE-ZWARYCZUK,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

NEW YORK STATE TEACHERS'
    RETIREMENT SYSTEM et al.,
                        Respondents.
_____

Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

        Richard E. Casagrande, New York State United Teachers,
New York City (Oriana Vigliotti of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Stein, J.

        Appeal from a judgment of the Supreme Court (Connolly, J.),
entered May 3, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondents calculating
petitioner's retirement benefit.

        Petitioner joined respondent New York State Teachers'
Retirement System as a member in 1990.  She retired from her
employment as a teacher in the Longwood School District in March
2012.  Petitioner's employment was governed by a collective
bargaining agreement, pursuant to which she was required to pay a
certain percentage of her health care premiums.  In addition, the

district and its teachers entered into a 2011 memorandum of agreement (hereinafter MOA) requiring teachers participating in the district-provided health insurance plan to contribute an additional "one-time contribution to the premium cost of [such] health insurance coverage" (hereinafter the premium surcharge) during the 2011-2012 school year.[1]  Teachers who did not participate in the district's health insurance plan received an equivalent reduction in the "declination incentive" provided by the collective bargaining agreement for nonparticipants.  The MOA stated that the premium surcharge could be paid by the teachers with "pretax dollars" through a payroll deduction – as they were entitled to do for their regular health insurance premium costs – through the district's Salary Reduction Plan under Internal Revenue Code (26 USC) § 125.

Upon petitioner's retirement, respondents determined that the amount of the premium surcharge deducted from her gross pay should be excluded from the calculation of her final average salary.  Petitioner then commenced this CPLR article 78 proceeding challenging respondents' determination.  Supreme Court dismissed the petition, and petitioner now appeals.

We agree with petitioner's assertion that respondents' exclusion of the premium surcharge payment from the calculation of her final average salary was irrational and arbitrary and capricious and, therefore, we reverse.  A teacher's final average salary for purposes of determining public retirement benefits is "the average regular compensation earned as a teacher during the three years of actual service immediately preceding his [or her] date of retirement" (Education Law § 501 [11] [b]).  The "wages" used in calculating the final average salary consist of "regular compensation earned by and paid to a member by a public employer" (21 NYCRR 5003.4 [b]).  Notably, Retirement and Social Security Law § 79 provides, as relevant here, that, "[t]o the extent permitted by [26 USC § 125] and any regulations adopted pursuant thereto, any salary reduction elected by an employee who is a participant in [the Retirement System] under a cafeteria plan or

_____

     [1]  Petitioner's premium surcharge, prorated to reflect her retirement before the end of the year, was $1,049.92.

flexible benefit plan shall be considered part of annual
compensation for the purpose of . . . computing retirement
benefits."

Here, respondents concluded that Retirement and Social
Security Law § 79 was inapplicable because, although the premium
surcharge was payable through a 26 USC § 125 tax savings plan, it
was not implemented to defray the cost of providing health care.
Instead, citing the MOA, respondents contend that the premium
surcharge was designed to provide the district with additional
money to preserve particular educational programs and bargaining
positions.  Such determination ignores the fact that the MOA
expressly acknowledges that "the impact of reduced funding is
exacerbated by increases to required employer contributions in
employee fringe benefits" and that the premium surcharge was
negotiated in light of these financial concerns.  When we look at
the substance of the transaction reflected in the MOA, it is
evident that the salary reduction was intended to — and, in fact,
did — increase the employees' contribution towards health
insurance premiums so as to reduce the burden on the district for
that school year and enable the district to pay other expenses.
Thus, in our view, the need to provide economic relief through
the premium surcharge was expressly tied to the increased cost of
providing employee benefits such as health insurance, and
respondents' determination that Retirement and Social Security
Law § 79 is inapplicable is not supported by a rational
interpretation of the MOA.[2]

Notably, it also appears that respondents' determination

---

[2]  Nor are we persuaded by respondents' reliance upon Matter
of Licopoli v New York State Teachers' Retirement Sys. (101 AD3d
1228, 1229 [2012]).  Unlike Licopoli, where one employee's salary
was increased on the eve of retirement in order to artificially
increase that employee's pensionable salary, the premium
surcharge payment imposed here was applicable to every employee
subject to the MOA and was not an increase in salary made on the
eve of petitioner's retirement; in fact, the premium surcharge
did not increase her salary at all (compare Matter of Holbert v
New York State Teachers' Retirement Sys., 43 AD3d 530, 533-535
[2007]).

creates inconsistent results as between employees who participate in the district's health insurance plan – who will have their pensionable salaries reduced by the amount of the premium surcharge – and employees who do not participate in the health insurance plan, whose pensionable salaries will not be reduced. Although the latter employees are subject to a reduction in the incentive payments they receive for declining health insurance coverage, respondents represent that such incentive payments are not considered pensionable compensation and that their pensionable salary is not affected by the change in their incentive payments.[3]  This disparate treatment further supports our conclusion that respondents' determination to exclude the premium surcharge from the computation of petitioner's final average salary was arbitrary and capricious (see generally Matter of Van Haneghan v New York State Teachers' Retirement Sys., 6 AD3d 1019, 1022 [2004]).

Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur.

---

[3]  By way of hypothetical example, consider two employees who earn the same salary – $100,000.  One employee is a member of the health insurance plan and contributes his or her percentage of the premium; under the MOA, this employee would also be required to pay a premium surcharge of $1,000.  According to respondents' interpretation, this employee's pensionable salary for this year would be $99,000.  The second employee does not participate in the health insurance plan.  For that employee, the premium surcharge would be paid by a deduction from the nonpensionable incentive that he or she would otherwise receive for declining health insurance coverage.  Thus, that employee's pensionable salary would remain $100,000.  As a result, even though each employee is required to make the same premium surcharge contribution, their pensionable salaries would not be the same.

ORDERED that the judgment is reversed, on the law, without costs, petition granted, and respondents are directed to recalculate petitioner's final average salary to include the premium surcharge payment and to make retroactive and future payments based on the recalculated final average salary.

ENTER:

Robert D. Mayberger
Clerk of the Court