Matter of Smith v DiNapoli (2018 NY Slip Op 08606)





Matter of Smith v DiNapoli


2018 NY Slip Op 08606


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526590

[*1]In the Matter of PATRICK T. SMITH, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Roemer, Wallens, Gold & Mineaux LLP, Albany (Michael R. Cuevas of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND JUDGMENT
McCarthy, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller, among other things, recalculating petitioner's final average salary.
Petitioner, an Assistant Chief of Police for the City of Schenectady, retired on August 11, 1998 and began collecting his retirement pension. In 2012, the New York State and Local Retirement System notified petitioner that it had reviewed the calculation of his final average salary used to compute his retirement benefits and determined that his one-time, 30-day overtime pay earned in the last year of his employment should have been excluded from the final average salary, as such payments constituted termination pay under Retirement and Social Security Law § 302 (9) (d). Petitioner sought review of that determination and, following a hearing, a Hearing Officer concluded that the 30-day overtime payment was properly excluded from petitioner's final average salary as it constituted termination pay and compensation in anticipation of retirement and, as such, was not includable pursuant to Retirement and Social Security Law § 431 (2) and (3). Respondent Comptroller accepted those findings, and this CPLR article 78 proceeding ensued.
We confirm. "[T]he Comptroller is vested with exclusive authority to determine applications for retirement benefits and such determination, if supported by substantial evidence, must be upheld — even if other evidence in the record could support a contrary result" (Matter of Chichester v DiNapoli, 108 AD3d 924, 925 [2013] [internal quotation marks and citation omitted]). As relevant here, "final average salary" is defined as "the regular compensation earned from [the] employer during the twelve months of actual service immediately preceding the date [*2]of such employee's retirement," with certain exclusions (Retirement and Social Security Law § 302 [9] [d]). "In order to avoid the artificial inflation of that figure" (Matter of Chichester v DiNapoli, 108 AD3d at 925; see Matter of Hohensee v Regan, 138 AD2d 812, 814 [1988], lv denied 72 NY2d 807 [1988]), in computing retirement benefits the base salary excludes, as pertinent here, "any form of termination pay" and "any additional compensation paid in anticipation of retirement" (Retirement and Social Security Law § 431 [2], [3]; see Matter of Port Auth. Police Benevolent Assn., Inc. v Anglin, 12 NY3d 885, 886-887 [2009]). Importantly, the determination of what constitutes termination pay or compensation in anticipation of retirement requires that we "look to the substance of the transaction and not to what the parties may label it" (Matter of Green v Regan, 103 AD2d 878, 878-879 [1984]; accord Matter of Chichester v DiNapoli, 108 AD3d at 925).
Substantial evidence supports the Comptroller's determination that the payment for 30 days of overtime in petitioner's final year of service is excludable in arriving at his final average salary, as it constitutes a form of termination pay and compensation in anticipation of retirement (see Matter of Chichester v DiNapoli, 108 AD3d at 925-926). At the hearing, it was uncontroverted that persons employed in the nonunion positions of chief of police and assistant chief of police were required to work overtime without additional compensation until their final year of service, when they could accumulate and were paid for overtime actually earned upon their retirement. To that end, the labor contract provided that overtime pay was "restricted to one-time, one[-]year maximum of 30 days," and petitioner conceded that this was taken in the final year to boost retirement benefits (compare Matter of Bohlen v DiNapoli, 164 AD3d 1038, 1040 [2018]). Under these circumstances, the Comptroller rationally excluded such sums from petitioner's final average salary and corresponding retirement benefit calculation.
Further, petitioner failed to demonstrate that General Municipal Law § 90 provides a basis upon which to permit the inclusion of overtime pay in his final average salary for purposes of calculating his retirement benefits. General Municipal Law § 90 permits the governing board of a political subdivision of the state to adopt an ordinance, local law, resolution or rule providing for the payment of overtime compensation to public officers and employees, and mandates that such payments be considered as salary or compensation for "the purposes of any pension or retirement system." However, this statute, which is strictly construed, requires that, for overtime payments to be considered as salary, they must be paid pursuant to "an overtime plan [adopted by the governing board] setting forth in detail the terms, conditions and remuneration for such employment" (Matter of Murray v Levitt, 47 AD2d 267, 269 [1975], lv denied 37 NY2d 707 [1975]; accord Matter of Shames v Regan, 132 AD2d 743, 744 [1987]). The overtime payment to petitioner was not made pursuant to such an ordinance or resolution adopted by the Schenectady City Council. Petitioner's reliance on Resolution No. 94-247, adopted by the City Council on October 24, 1994, is unavailing. That resolution indicated that the City Council had entered into a memorandum agreement with the police union regarding a labor relations contract, although neither document was provided. The resolution merely authorized the mayor to enter into a labor agreement with the assistant chiefs in the police department; there is no indication that the attached labor relations agreement entered into with petitioner and other nonunion employees — which restricted overtime to a "one-time, one[-]year maximum of 30 days" of overtime and contained no details — was ever approved by the City Council, and the earlier resolution did not accomplish this General Municipal Law § 90 condition. In fact, that agreement expressly stated that it was "subject to approval by the City Council."
Lastly, and contrary to petitioner's claim, the Comptroller is not estopped from correcting the error due to the passage of time. "[T]he Comptroller is statutorily required to correct errors in the retirement benefits records and adjust payments accordingly to ensure the integrity of the public retirement system" (Matter of Mowry v DiNapoli, 111 AD3d 1117, 1120 [2013], citing Retirement and Social Security Law § 111 [c]). Generally, estoppel may not be invoked against the state or its agencies absent a "showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon" (Matter of Regan v [*3]DiNapoli, 135 AD3d 1225, 1228 [2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 913 [2016]), and the Comptroller "cannot be estopped to create rights to retirement benefits to which there is no entitlement" (Matter of Bombace v Nitido, 117 AD3d 1375, 1376 [2014] [internal quotation marks and citations omitted]; see Matter of Grella v Hevesi, 38 AD3d 113, 117-118 [2007]; Matter of Schwartz v McCall, 300 AD2d 887, 889 [2002]; Matter of Boudreau v Levitt, 67 AD2d 1053, 1054 [1979], lv denied 47 NY2d 706 [1979]). The Comptroller's duty to correct errors is ongoing, and continues even after benefits are awarded and includes the right to recoup overpayments (see Matter of Graham v New York State Police & Fire Retirement Sys., 188 AD2d 826, 826 [1992]; see generally Matter of Schwartfigure v Hartnett, 83 NY2d 296, 300 [1994]). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.
Egan Jr., Lynch, Devine and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.