Matter of Bellarosa v New York State Teachers' Retirement Sys. (2024 NY Slip Op 03858)

Matter of Bellarosa v New York State Teachers' Retirement Sys.

2024 NY Slip Op 03858

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

CV-23-1100
[*1]In the Matter of Michael Bellarosa, Appellant,
v
New York State Teachers' Retirement System, Respondent.

Calendar Date:June 5, 2024

Before:Pritzker, J.P., Lynch, Ceresia, Fisher and Mackey, JJ.

Arthur Scheuermann, School Administrators Association of New York State, Latham (Jennifer L. Carlson of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the Supreme Court (Christina L. Ryba, J.), entered May 12, 2023 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent recalculating petitioner's final average salary.
Petitioner retired as deputy superintendent for the Valley Central School District (hereinafter the School District) in June 2020. Upon his retirement, petitioner was a tier 4 member of respondent and began receiving a monthly pension benefit. In January 2022, he received a letter from respondent advising that it was removing certain payments he had received from the School District during the last three years of his employment — i.e., a technology/wellness allowance, vacation buyback payments and raises he received outside of a negotiated agreement — from the calculation of his final average salary (hereinafter FAS), resulting in a reduced benefit amount (see Education Law § 525 [1]). Petitioner challenged this determination and submitted additional evidence in support of retaining the original benefit amount. Respondent issued a final determination in May 2022, which included the raise petitioner received during the 2018-2019 and 2019-2020 school years in the calculation of his FAS, but excluded the technology/wellness allowance and the vacation buyback payments from this calculation. Petitioner commenced this CPLR article 78 proceeding to annul the determination as arbitrary and capricious. After receiving additional documentary evidence, respondent issued a revised determination in December 2022 that found petitioner's entire reported salary for 2019-2020 — i.e., when he was promoted to deputy superintendent — pensionable, but adhered to its original determinations regarding the 2017-2018 and 2018-2019 school years. Respondent also capped the increases in petitioner's salary for the three years used to calculate his FAS at 10% of his average salary for the preceding two years. Petitioner filed an amended petition challenging the revised final determination, which was dismissed by Supreme Court. Petitioner appeals.
We affirm. Where, as here, "[a] challenged determination was made [by respondent] without a hearing, judicial review is limited to whether the determination is arbitrary and capricious and without a rational basis" (Matter of Moraghan v New York State Teachers' Retirement Sys., 237 AD2d 703, 705 [3d Dept 1997]; see Matter of Schafer v New York State Teachers' Retirement Sys., 175 AD3d 1644, 1646 [3d Dept 2019]; Matter of Maillard v New York State Teachers' Retirement Sys., 57 AD3d 1299, 1300 [3d Dept 2008], lv denied 12 NY3d 705 [2009]). The pension benefit for a tier 4 member of respondent is determined based upon calculating a retiree's FAS, which is defined as "the average wages earned by such a member during any three consecutive years which provide the highest average wage; provided, however, if the wages earned during any year included in the period [*2]used to determine final average salary exceeds that of the average of the previous two years by more than [10%], the amount in excess of [10%] shall be excluded from the computation of final average salary" (Retirement and Social Security Law § 608 [a]; accord 21 NYCRR 5003.4 [a]). The term "wages" refers to "regular compensation earned by and paid to a member by a public employer" (Retirement and Social Security Law § 601 [l] [a]; accord 21 NYCRR 5003.4 [b]).
When determining a member's base salary for the purpose of computing retirement benefits, "lump sum payments for sick leave, annual leave or any other form of termination pay" are excluded, as are "any form of termination pay" (Education Law § 501 [11] [b]), including "any payments received in anticipation of retirement" (21 NYCRR 5001.1 [d]). These exclusions seek "to prevent artificial inflation of final average salary by payments made in anticipation of retirement" (Matter of Holbert v New York State Teachers' Retirement Sys., 43 AD3d 530, 532 [3d Dept 2007] [internal quotation marks and citation omitted]). "[I]n determining what constitutes average regular compensation within the meaning of the statute, we must look to the substance of the transaction and not to what the parties may label it" (id. [internal quotation marks and citations omitted]; accord Matter of Chichester v DiNapoli, 108 AD3d 924, 925 [3d Dept 2019]).
The record shows that petitioner gave up a technology/wellness stipend during the 2017-2018 school year in exchange for the cash value of the stipend being rolled into his base salary. This was consistent with the terms of a collective bargaining agreement between the School District and the Valley Central Administrators Association (hereinafter VCAA), which deleted this benefit in exchange for increasing the salary step schedules of all VCAA members by the benefit amount. Petitioner's vacation time was also reduced from 30 to 20 days beginning in the 2017-2018 school year, with a prior option to sell back unused vacation time omitted from his employment contract. In exchange for giving up 10 days of vacation time, petitioner's base salary was also increased.
Notwithstanding averments by School District officials to the contrary, after considering the totality of the record, we conclude that respondent could rationally determine that rolling the cash value of these benefits into petitioner's reported salary for the 2017-2018 and 2018-2019 school years constituted payments made in anticipation of retirement that should be excluded from the calculation of his FAS (see Matter of Evans v New York State Teachers' Retirement Sys., 98 AD3d 1221, 1222 [3d Dept 2012]; Matter of Holbert v New York State Teachers' Retirement Sys., 43 AD3d at 533-534; Matter of Davies v New York State & Local Police & Fireman Retirement System, 259 AD2d 912, 913-914 [3d Dept 1999], lv denied 93 NY2d 810 [1999]; Matter of Moraghan v New York State Teachers' Retirement Sys., 237 AD2d at 705). Contrary [*3]to petitioner's argument, respondent's application of the 10% cap on increases to his reported earnings from the 2016-2017 school year — when his job title changed — was not arbitrary and capricious. The 10% cap is mandated by statute and petitioner has cited no authority standing for the proposition that respondent has discretion to dispense with its application. Respondent's determination to apply the cap reflects a straightforward application of Retirement and Social Security Law § 608 (a) and its implementing regulations. Petitioner's remaining contentions have been considered and found lacking in merit.
Pritzker, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.